## SUPREME COURT.

JOHN C. DRAPER and another, executors, &c., agt. THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE and others.

*Foreign corporation — bequests to, valid — devises of land to, in this state, invalid — Equitable conversion — Will.*

A foreign corporation if authorized by its charter to take by bequest, may take under a will made by a citizen of New York (*Manice* agt. *Manice*, 43 *N. Y.*, 387).

The corporation being legally authorized to take the gifts, the question as to the validity of the directions and conditions imposed by the testator, as to holding, investing, accumulating and applying is for the consideration of the courts of the state where the corporation is domiciled (*Chamberlain* agt. *Chamberlain*, 43 *N. Y.*, 424).

A devise of real estate by a citizen of New York, of land situated in this state, to a foreign corporation, is invalid.

If, by the terms of the will, the land had been equitably converted into money, and the gift was of the latter, the same would be valid.

*Special Term, March,* 1879.

*Granville P. Hawes,* for plaintiffs.

*Evarts, Southmayd & Choate,* for respondents, &c.

*John M. Knox,* for Horatio Payne and others.

VAN VORST, *J.* — Martyn Payne, the testator, died in the city of New York, where he was domiciled, in November, 1877, seized and possessed of real and personal estate. He left him surviving neither father, mother, wife nor child.

By his last will and testament, dated on the 28th day of April, 1864, he gave, devised and bequeathed all his property, real and personal, with the exception of some legacies given to others, to the president and fellows of Harvard college, situated at Cambridge, in the state of Massachusetts, in their corporate capacity, and their successors in office forever, to be held in trust by the said president and fellows, and their successors, for the benefit of the college, according to the specifications made in the will, and to be by them forever applied in the manner and under the conditions, circumstantially set forth therein.

Love for the memory of a deceased son inspired these gifts to the college, which were to be strictly devoted by the trustees of that institution to the establishment, in his name, of scholarships and prizes.

This action, to which the heirs at law and next of kin of the testator are made parties, is brought by the executors thereof, for an interpretation and construction of the provisions of the will. And first with regard to the personal estate :

Harvard college, although a corporation created by the statutes of another state, can take gifts of personal property under a will made by a person domiciled in this state.

By its charter, and the laws of Massachusetts, the college is authorized to acquire property by bequest (*Rev. Stat. of Mass.*, 1860, *chap.* 5).

That it is a foreign corporation is no objection to its taking a bequest made by a citizen of this state. *Manice* agt. *Manice* (43 *N. Y.*, 387), in which case a gift to Yale college, a Connecticut corporation, made through the will of a citizen of New York, was upheld (*Chamberlain* agt. *Chamberlain*, 43 *N. Y.*, 424).

The provisions made for the safe investment and accumula-

tion of these gifts by the trustees for the establishment and maintenance of fellowships and prizes, do not render the bequests invalid. The college being legally authorized to take the gifts, the question as to the validity of the directions and conditions imposed by the testator, as to holding, investing, accumulating and applying, is for the consideration of the courts of Massachusetts, by whom their validity, under the laws of that state, is to be determined. *Manice* agt. *Manice* (*supra*), in which case it was said " the will of the testator, so far as the courts of this state can act upon it, is fully executed when the money is paid to the proper officer of the foreign corporation. Though the laws of the state of that corporation may permit it to hold and administer property in perpetuity, or to accumulate it, the local policy of this state upon that subject is not interfered with by allowing property of our citizens to pass to such foreign corporation, and be administered by it, in such foreign state, according to its own laws" (2 *Story Eq. Juris.*, sec. 1186).

The statutes of this state against perpetuities and accumulations have no application to a trust to be performed in another state. They were enacted from considerations of local policy and can have no extra territorial effect (*Chamberlain* agt. *Chamberlain*, *supra*).

The will of the testator was executed with such formalities as is required to pass property according to the laws of New York, and the objects which the testator desired by his gifts to advance, are such as our laws and institutions regard not with disapprobation but with special favor.

And the objects which the accumulations are designed to foster fall in with the spirit of our statutes (*Rev. Stat.*, *part* 2, *chap.* 1, *title* 2, *secs.* 56–62 ; *Williams* agt. *Williams*, 4 *Selden*, 525 ; *Bascom* agt. *Albertson*, 34 *N. Y.*, 599).

The bequest made by the testator of his personal estate to Harvard college is, therefore, determined to be valid.

The devise of the real estate, being situated in this state, to a foreign corporation, raises a more serious question.

Mr. Choate, in his argument in support of the claims of Harvard college, urges that by its charter, and the statutes of the commonwealth of Massachusetts, that corporation is authorized to take by devise and hold land in Massachusetts and elsewhere.

I do not think it necessary to determine the rights of Harvard college in this regard under its charter or the statutes of Massachusetts. For, assuming that the learned counsel is right in the construction he places upon the charter of the college and the laws of that state, it does not determine the validity of the devise in question. Whether the devise is good does not depend upon the charter of the college or the laws of Massachusetts but upon the statutes of this state (*White* agt. *Howard*, 46 *N. Y.*, 144, 163).

In that case the American Colonization Society claimed under a devise created by the will of a citizen of this state, which affected land situated in New York.

That society was incorporated by a statute of the state of Maryland, by which it was authorized to take land by devise.

It was stated, in that case, that whether the society can take land in this state by devise " must be determined solely by the laws of this state."

With respect to the rights of corporations, generally, to take by devise, this state has a settled policy,

By the statute concerning wills (2 *R. S.*, *p.* 57, *sec.* 3) it is declared " that no devise to a corporation shall be valid unless such corporation be expressly authorized by its charter or by statute to take by devise " (*Holmes* agt. *Mead*, 52 *N. Y.*, 340).

*White* agt. *Howard* (*supra*), in which this subject is largely discussed, per GROVER, J., holds, in substance, that although a corporation, created by the statutes of another state, is authorized, by its charter and the statutes of the state creating it, to take by devise, such statutes have no effect in this state. That where section 3, of the statutes above referred to, provides " that no devise to a corporation shall be valid, unless such corporation be expressly authorized by its charter or by

statute to take by devise, it is equally clear that such charters only were intended as were granted by a statute of this state, or organized under a general statute of the state, as it is that by the words ' by statute' a statute of the state was intended."

The devises to the American Colonization Society, and other corporations similarly situated, were adjudged to be invalid.

I regard *White* agt. *Howard* as determining the law of this state upon that subject and as disposing of the question now under consideration adversely to the validity of the devise to Harvard college, which is not authorized by any statute of this state to take by devise.

But it is further urged, on behalf of this corporation, that the land, by force of the will, was equitably converted into personalty, and that the gift is of money and not of lands.

It has been decided that although a corporation was not authorized to take by devise, yet it might take the money where the will, under which it claimed, directed a sale of the land to consummate the gift (*Downing* agt. *Marshall*, 23 *N. Y.*, 366, 388, 391 ; *Sherwood* agt. *The American Bible Society*, 4 *Abb. Ct. of App. Dec.*, 232).

But I am of the opinion that the will devises the land to the college, and that no question as to equitable conversion can arise.

By the first section of article 2 of the will, the gift is of real estate. The real estate of the testator is devised to Harvard college.

I find nothing in subsequent parts of the will to qualify the language of the devise.

It may be conceded that the testator designed that the lands should be eventually sold and converted into money by the devisees, in order that the " funds," of which he frequently speaks, may be raised.

No duty in words, or by necessary implication, is imposed upon the executors with respect to the land. They are invested and clothed with no estate or power in or over the land.

And whatever directions are given, or wishes expressed, are

People *ex rel.* Dusenbury agt. Speir.

intended for the trustees of the college to whom the land is given.

Where it appears, from the general provisions of a will that the testator intended his real estate to be sold, and the proceeds were given, it has been held that the doctrine of equitable conversion applies, although the power of sale is not in terms imperative (*Phelps* agt. *Pond*, 23 *N. Y.*, 69).

But in that case the executors were expressly authorized to sell and convert into money all the testator's estate.

In *Meekings* agt. *Cromwell* (5 *N. Y.*, 136) there was no devise of the land to any one, but there was a direction to sell and divide the proceeds.

The donees of the power of sale were not, however, named, and the court held that the power was impliedly given to the executors and might be exercised by them.

But in the will under consideration there is no express direction to sell, and the land and not its proceeds is directly given to the devisees in perpetuity.

Any sale or conveyance of the land, if the devise is valid, would have to be made and executed by the devisees, in whom the legal estate is vested.

The conclusions reached are, that the gifts of the personalty to Harvard college are valid, but that the devise of the land is void, and that as to his real estate the testator died intestate.

---

## COURT OF APPEALS.

The People *ex rel.* Charles Dusenbury, appellant and relator, agt. Gilbert M. Speir, as justice, &c., respondent.

*Stilwell act— confined to actions upon contract.*

The non-imprisonment act (Stilwell act) is confined in its operation to actions upon contract, *express* or *implied,* or upon a cause of action for damages for the non-performance of a contract.