NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—November, 1887.

MATTER OF BULLOCK.

*In the matter of the estate of* JAMES B. BULLOCK, *deceased.*

Where the will of a resident of this State is sufficient in form, and not repugnant in its dispositions to the *lex domicilii,* it will be sustained by our courts; and the capacity of a non-resident beneficiary, whether a natural or an artificial person, to take a bequest or devise therein contained, will be determined by the law of the State of his residence.

The will of testator, who died domiciled in this State, bequeathed $5,000 to "the congregational church in the town of S., in the county of W.,

and the commonwealth of Massachusetts," adding words further tending to identify the intended legatee. It appeared that there was a religious body, answering to the description, which, however, was not incorporated. But a local statute, in force when the will was executed, and still unrepealed, provided that certain designated officers of religious societies, which this church possessed, should be deemed bodies corporate, for the purpose of taking donations made to them or their respective churches.—

*Held*, that the capacity of the church described to take the legacy was to be tested by the law of Massachusetts, and that the disposition in its favor was in all respects valid and effectual.

CONSTRUCTION of will, upon judicial settlement of executor's account. The facts are stated in the opinion.

MITCHELL & MITCHELL, *for executor.*

H. W. GRINDAL, *for corporation.*

THE SURROGATE.—The second account of the executor of this estate is before me for judicial settlement.

Certain questions are presented for my determination respecting the validity of the fourth article of the testator's will, which is in the words following:

"I give and bequeath unto the Congregational Church, in the town of Sturbridge, in the county of Worcester and the Commonwealth of Massachusetts, where my dear parents worshipped for so many years, the sum of $5,000, and to the pastor who may preach and officiate therein at the time of my death the further sum of $500."

It is claimed in behalf of the residuary legatees that the foregoing bequest of $5,000 is invalid and ineffectual because there is not now in existence and

was not in existence at the testator's death any *corporation* known as "The Congregational Church of Sturbridge, Massachusetts," or any *corporation* that the testator could have had in mind in making the disposition here in question.

It is established to my satisfaction that there now exists in the said town of Sturbridge a church *organization* known as the Congregational Church of that town; that this church organization has existed for over a hundred years; that testator's parents once resided in said town and were in the habit of attending religious services at said church, and that said church is the very church which the testator by the fourth article of his will intended to benefit.

It is admitted by counsel, who insists upon the validity of this legacy, that the church in question has never been formally incorporated under the laws of the State of New York, or of the State of Massachusetts, but he nevertheless insists that it is in substance and effect a corporation, or that its deacons are a corporation, and that the one or the other corporation is competent as such to take a bequest, because of the following provision of the Public Statutes of Massachusetts, ch. 31, § 1: "The deacons, churchwardens or other similar officers of churches or religious societies, shall, if citizens of this commonwealth, be deemed bodies corporate for the purpose of taking and holding in succession all grants and donations, whether of real or personal estate, made either to them and their successors, or to their respective churches or to the poor of their churches." This provision was

upon the statute book of Massachusetts at the date of the testator's will, and stands unaltered to-day.

The evidence shows that Henry Haynes and W. G. Reid, both of whom are residents of the town of Sturbridge, are deacons of the Congregational Church to which the testator refers in his will.

The matters to be decided upon the facts above stated are these:

*First.* If the testator had made a bequest like the one in controversy to some unincorporated church in the State of New York, would such a bequest be valid if there were here in force a statutory provision like that above quoted? If this question be answered in the affirmative, then

*Second.* Should the capacity of the Sturbridge church to take be tested by the law of Massachusetts?

As regards the first of these questions, there are several decisions of Massachusetts courts, which though not here controlling are nevertheless deserving of consideration. It was held by the Supreme Court of that State, in Weld v. May (9 *Cush.*, 181), that "if grants or donations are intended for a church, whether the gift be in form to the poor of the church or to the church itself, the deacons are a body politic to take and hold the same."

"These consequences," said SHAW, C. J., pronouncing the opinion of the court, " are considered as necessarily following from the fact of the existence of a church" (citing Sawyer v. Baldwin, 11 *Pick.*, 492). . . . . " When legally chosen, the law vests in him" (the deacon) " the powers necessary to accomplish its purposes, that of taking and holding property for a

known aggregate body not incorporated. . . . . Looking at the church in this case as a body of individuals, they do not hold property to their own use, but their deacons are invested with powers to supply such deficiency in the legal constitution of a church."

In Stebbins v. Jennings (10 *Pick.*, 172), twenty years prior to the decision of the case last cited, SHAW, C. J., said: "When they," (*i. e.*, churches) "became numerous, and the property incident to their beneficial operation considerable, an express legal provision was made by the act of 1754, enacting that the deacons, for the time being, should be a body corporate, with power to take and hold property for the use of the church, and to transmit it to their successors for the like purpose—which law has ever since been in force. No implied corporate powers, therefore, are necessary to enable a church to hold property, because, by this statute, express provision is made for the taking, holding and transmission of property in which the church is beneficially interested. . . The statute was professedly made for the better recovery of grants and donations to pious and charitable uses, for the better support and maintenance of ministers, and the defraying of charges relating to public worship. Two objects were to be accomplished: one to give all such grants a legal effect and operation by enabling the grantee to take and hold real and personal property, the other that such property should go in succession."

I see no reason to dissent from the doctrine established by these Massachusetts cases, and therefore give an affirmative answer to the first of the two questions above stated.

I am also of opinion that, in passing upon the competency of the Sturbridge church or its deacons to take this disputed bequest, regard must be had solely to its or their competency in the State of Massachusetts.

" Corporations organized under the laws of a sister State are recognized by the courts of New York as entitled to take devises and legacies under the will of a resident of this State, whenever, by the laws under which they are created, such corporations have authority to acquire property by will, unless such devises or legacies are repugnant to our own laws " (Draper v. Harvard College, 57 *How. Pr.*, 269; Kennedy v. Palmer, 1 *T. & C.*, 581; Harris v. Am. Bible Soc., 4 *Abb.*, *N. S.*, 421; Sherwood v. Am. Bible Soc., 1 *Keyes*, 565; Riley v. Diggs, 2 *Dem.*, 184; Chamberlain v. Chamberlain, 43 *N. Y.*, 524).

It was distinctly held in the case last cited that the fact that a certain corporation named as a beneficiary in the will of a testator residing in New York was a charitable corporation created by the laws of a foreign State, and that the bequest thereto was for charitable purposes did not make such bequest invalid. It was further held that, while the courts of New York could not administer a foreign charity, they could direct legacies in favor of such charity to be paid to the proper parties, leaving it to the courts of the foreign State to provide for its due administration.

Said ALLEN, J., pronouncing the opinion of the court, "If within the *lex domicilii* of the testator a will has all the forms and requisites to pass the title to personalty, the validity of the particular bequests will depend upon the law of the domicil of the legatee and

of the government to which the fund is by the terms of the will to be transmitted for administration, and for the particular purposes indicated by the testator. . . . A bequest in aid of foreign charities valid and legal in the place of their existence will be supported by the courts of the State in which the bequests are made. If the legatee, whether a natural or artificial person, and whether he takes in his own right or in trust, is capable by the law of his domicil to take the legacy, in the capacity and for the purposes for which it is given, and the bequest is in other respects valid, it will be sustained, irrespective of the law of the testator's domicil; subject, however, to this qualification, that if the law of the testator's domicil, in terms, forbids bequests for any particular purpose, or in any other way limits the capacity of the testator in the disposal of his property by will, a gift in contravention of the law of the testator's domicil would be void everywhere."

For the foregoing reasons this testator's bequest to the Sturbridge Church must be pronounced valid and effectual."