> Decree affirmed and the appeal dismissed at the costs of the appellant.

---

## APPEAL OF A. H. FOWLER ET AL.

[A. H. FOWLER ET AL. v. FIDELITY ETC. Co.]

FROM THE DECREE OF THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY, IN EQUITY.

Argued March 28, 1889—Decided April 8, 1889.
[To be reported.]

(a) A deed of trust directed the trustee to pay over the income and dividends of the trust estate "to Marie . . . . . and should the said Marie die, the said trust herein declared shall enure to the benefit of her heirs; but if she have no children the same shall revert to my estate." The deed further directed that $50 per annum out of the income should be added to the principal.

(b) The deed was executed in Illinois where the grantor lived, and M., the beneficiary, was and continued to be a citizen of Colorado, while the trustee was a Pennsylvania corporation. After the execution of the

deed, M. gave birth to a child: the grantor subsequently died without exercising the power of revocation reserved by him.

1. In such case the estate of M. was merely an equitable estate for life, which did not become absolute by the birth of issue, and was not enlarged by the remainder to her heirs.

2. As it was not denied that the trust was valid by the law of the state where it was created and of the state where it was to be enjoyed, the fact that the trustee was a Pennsylvania corporation did not render the trust invalid, under § 9, act of April 18, 1853, P. L. 507, concerning accumulations.

Before PAXSON, C. J., STERRETT, CLARK, McCOLLUM and MITCHELL, JJ.

No. 104 January Term 1889, Sup. Ct.; court below, No. 54 March Term 1888, C. P. No. 1 in Equity.

On March 21, 1888, A. H. Fowler and Marie W. Fowler, his wife, in right of said wife, filed a bill in equity against the Fidelity Insurance, Trust & Safe Deposit Co., in which the facts averred were in substance as follows:

On January 25, 1886, Elihu B. Washburne executed the following declaration of trust:

"Know all men by these presents, that I, Elihu B. Washburne, of Chicago, Illinois, in consideration of good and valuable causes me thereto moving, and the sum of one dollar to me in hand paid by the Fidelity Insurance, Trust and Safe Deposit Company, the receipt whereof is hereby acknowledged, do assign, transfer, and set over to the said Fidelity Insurance, Trust and Safe Deposit Company, their successors and assigns, the following described securities and investments, namely: Six one thousand dollar bonds or consolidated certificates of indebtedness of the Chicago West Division Railway Company, bearing interest at six per cent: Seven one thousand dollar seven per cent bonds of the Minneapolis and Saint Louis Railroad: In trust nevertheless to take hold and receive the same and collect the interest and dividends thereon, and whenever any of the principal thereof may be collected or received by the said trustees, to reinvest the principal thereof either in such securities as are authorized by law for the investment of trust funds, or in such first mortgage bonds, or in first class state, city, or county bonds of the late non-slave-holding states as the said trustees in their discretion may deem best, and pay over

the income and dividends on the said bonds to Marie Washburne Fowler, my daughter, and wife of A. H. Fowler, of Denver, Colorado, less a commission of one per cent for collection and paying over the same, and to notify the said Marie Washburne Fowler from time to time as the said interest and dividends are collected, and to remit the same whenever the said Marie Washburne Fowler may request. But I specially direct that out of the income and dividends received there shall be deducted the sum of fifty dollars each and every year to be added to the principal. And should the said Marie Washburne Fowler die, the said trust herein declared shall enure to the benefit of her heirs; but if she have no children the same shall revert to my estate. I hereby expressly reserve the full power to revoke this trust at any time during my natural life."

This assignment was executed by Washburne in the state of Illinois where he resided, and Marie W. Fowler was then and has continued to be a citizen of Colorado.

After the execution of the paper, Mrs. Fowler gave birth to a child who is still living. Mr. Washburne died without having in any manner exercised the power of revocation reserved by him.

Reciting the foregoing facts, the bill continued:

3. That by the terms of the said writing the said Marie Washburne Fowler was and is invested with the full and absolute equitable interest both in the principal and income of the said bonds or certificates of indebtedness to the said defendant; and that the said Elihu B. Washburne failed to declare in said writing any reason for the maintenance of the trust which is recognized by the laws of this commonwealth.

4. That direction to the said trustee in said writing contained, requiring him to deduct from the income and dividends to be received the sum of fifty dollars annually, and to add the same to the principal, is in violation of the statutes of the commonwealth of Pennsylvania in such case made and provided.

The prayers were:

1. That the defendant, the Fidelity Insurance, Trust and Safe Deposit Company, do give, transfer and deliver to the said Marie Washburne Fowler the said bonds or certificates

of indebtedness hereinbefore mentioned, to be held by her in her own right, free from all trusts whatsoever; or, if such relief may not be granted,

2. That the defendant the Fidelity Insurance, Trust and Safe Deposit Company be required to pay to the said Marie Washburne Fowler all money retained by the said defendant out of income retained by it under the direction for accumulation in said writing contained, as well as the full net income and dividends upon the said securities as they may hereafter accrue.

3. General relief.

An answer having been filed which did not deny any of the material facts averred in the bill, the cause was heard on bill and answer, when the court, ALLISON, P. J., dismissed the bill, no opinion being filed. Thereupon the plaintiffs took this appeal, assigning the dismissal of the bill, etc., as error.

*Mr. Richard C. Dale* (with him *Mr. Samuel Dickson*), for the appellants:

1. The estate of Mrs. Fowler is an absolute estate. The language is: "to pay over the income and dividends on the said bonds to Marie Washburne Fowler . . . . . and should the said Marie Washburne Fowler die, the said trust herein declared shall inure to the benefit of her heirs, but if she have no children the same shall revert to my estate." By the birth of issue the last condition has been performed; the estate is, therefore, upon the strictest construction which can be given against our contention, an estate to Mrs Fowler for life, with remainder to her heirs generally. The word "heirs" is clearly a word of limitation and not of purchase, and consequently her title is one free from an effective remainder over: Kinsel v. Ramey, 87 Pa. 248.

2. The interest of the cestui que trust is absolute; no lawful purpose of maintaining the trust is shown; consequently, the complainant is entitled to a decree for the transfer of the securities: Snyder's App., 92 Pa. 504; Phila. Trust Co.'s App., 93 Pa. 209; Nice's App., 50 Pa. 143; Williams's App., 83 Pa. 377.

3. The direction contained in the deed of trust to accumulate fifty dollars a year out of the income and dividends is void,

as contrary to the act of April 18, 1853, P. L. 503. Counsel for the trustee endeavored to sustain this trust for accumulation upon the ground that the deed of trust was executed in Chicago, Ill., where there is no statute forbidding such a trust for accumulation. It is to be noticed, however, that while this deed was executed at Chicago, the trust was accepted by the corporation defendant in Philadelphia, and we submit that Philadelphia is therefore the place where the trust went into effect, and it is consequently to be governed by the law of this place.

4. This question with reference to the trust for accumulation is important not only because, even if the trust were otherwise active, the plaintiff would be entitled to a decree for payment of the full income to her without the reservation of any of it for accumulation, but because, while the court below did not file an opinion, they announced orally that the ground of holding the trust active and not passive was the existence of this trust for accumulation which in their judgment was the determining feature in the case. If therefore, this trust for accumulation is void, there is no ground upon which the trust can be held active, and the complainant is entitled to a decree.

*Mr. J. M. Gest* and *Mr. W. P. Gest*, for the appellees, were not heard.

OPINION, MR. CHIEF JUSTICE PAXSON:

By the terms of this deed of trust the trustee is required to "pay over the income and dividends on said bonds to Marie Washburne Fowler (appellant). . . . . And should the said Marie Washburne Fowler die, the said trust herein declared shall enure to the benefit of her heirs; but if she have no children the same shall revert to my estate." There was a further direction to add fifty dollars per year out of the income to the principal. It also appeared that since the execution of this paper the said Marie has given birth to a child, who is now living, and that the settler or donor, Elihu B. Washburne, died without having in any manner exercised the power of revocation reserved in the deed of trust. The question is whether the said Marie W. Fowler is entitled to the corpus of the trust estate, consisting only of corporation bonds, freed

and discharged from the trust. The court below decided that she was not, and in this we see no error.

The estate of Mrs. Fowler is merely an equitable estate for life, which did not become absolute by the birth of issue, and which is not enlarged by the remainder to her heirs. It is true the income is not expressly given to her for life; that is, the words " for life " are not used in the deed of trust, but such is the necessary implication from the language employed. The meaning of the word " heirs " is qualified by the use of the word " children," which immediately follows. We have, then, a gift to Marie Washburne Fowler of the income for life, with remainder to her children, if any, and in default of children, the gift is to revert to the estate of the grantor. We do not think there is any analogy between Mrs. Fowler's estate and an estate upon condition at common law before the statute de donis, whereby the birth of issue fulfils the condition and renders the estate indefeasible. The words " should Marie die " evidently mean " when Marie dies," as her death was a certain event; and the words, " if she have no children " evidently refer to children at the time of her death: Cote v. Von-Bonnhorst, 41 Pa. 243.

Nor do we think the direction to accumulate is invalid under the act of 1853. The act does not apply. The settler was a citizen of Illinois and died there; the deed of trust was made there; the securities are those of foreign corporations, and Mrs. Fowler is a citizen of Colorado. I do not understand it to be denied that the trust is valid by the law of the state where it was made and of the state where it is enjoyed; and the mere fact that the trustee happens to be a Pennsylvania corporation cannot invalidate the trust. The act of 1853 was only intended to apply to our own citizens, and a trust intended to take effect beyond our own territory cannot be affected by it. Authorities upon this point are not abundant; at least they have been sparingly cited. We may refer, however, to Attorney-General v. Stewart, 2 Mer. 161; Curtis v. Hutton, 14 Ves. 537; Hill on Trustees, 457; Draper v. College, 57 How. Pr. 269; Chamberlain v. Chamberlain, 43 N. Y. 433; Crum v. Bliss, 47 Conn. 592. The case is clear upon principle.

The decree is affirmed, and the appeal dismissed at the costs of the appellants.