### CROSS *et al.* v. UNITED STATES TRUST CO. *et al.*

*(Supreme Court, Special Term, New York County.  June, 1890.)*

CONFLICT OF LAWS—WILLS—TRUSTS OF PERSONALTY.

Where a testatrix dying in Rhode Island creates in a New York corporation certain trusts relating to personalty, which are valid under the laws of testatrix's domicile, but void under the laws of New York, though not on account of the incapacity of the beneficiaries to take, the courts of the latter state will not assume jurisdiction in the premises, but the trusts must be administered and their validity determined under the laws of Rhode Island.

*Edward C. James,* for plaintiffs.  *Stewart & Sheldon* and *M. T. McMahon,* for defendants.

O'BRIEN, J.  This action is brought to obtain a judicial construction of certain provisions of the will of Phebe Jane Cross, deceased, which creates certain trusts in the defendant over $700,000 of railroad mortgage bonds, now in the hands of the trust company. The testator had her domicile in Rhode Island. She made her will there, and it is in all its provisions valid by the law of that state. When the testatrix died, in 1878, her will was probated in Rhode Island, and for seven years the plaintiff executors themselves administered these trusts under the supervision of the courts of that state. It is conceded that the trusts, though valid under the laws of Rhode Island, are in part or wholly void under the laws of the state of New York. The fund, consisting entirely of personal property, is in the possession of the trust company, a New York corporation. Is the validity of the provisions of the will, as to property thus held, to be governed by the laws of this state or those of Rhode Island?

It may be stated as a general rule of law, sustained by numerous decisions, that the law of domicile governs in the disposition of personal property. In the case of *Chamberlain* v. *Chamberlain*, 43 N. Y. 424, the question was whether a charitable bequest of personal property by a citizen of New York

to a corporation of Pennsylvania, upon a trust to be administered in Penn-
sylvania, was void because contrary to the law of New York, where the
testator was domiciled and the will was executed.    ALLEN, J., in delivering
the opinion of the court, says: "The law of the testator's domicile controls
as to the formal requisites essential to the validity of the will, as a means
of transmitting property, the capacity of the testator, and the construction
of the instrument.    Personal property has no .locality, and therefore the law
of the domicile of the owner governs its transmission either by last will and
testament or by succession in case of intestacy.    But, if within the *lex dom-
icilii*, a will has all the forms and requisites to pass the title to personalty,
the validity of the particular bequests will depend upon the law of the domi-
cile of the legatee, and of the government to which the fund is, by the terms
of the will, to be transmitted for administration, and the particular purposes
indicated by the testator.    Whatever may be the law of Pennsylvania, a tes-
tator domiciled in that state cannot establish by bequests of personalty to citi-
zens or corporations of this state a charity in trust to be administered here, in-
consistent with the policy or the laws of this state.  *   *   *   So far as the va-
lidity of bequests depends upon the general law and policy of the state, affect-
ing property and its acquisition generally, and relating to its accumulation
and a suspension of ownership, and the power of alienation, each state is sov-
ereign as to all property within its territory, whether real or personal."
This language is broad enough to apply to all testamentary dispositions of
personal property, and, so considered, would work a substantial modification,
if not an entire abrogation, of the well and long established rule that the law of
the testator's domicile governs the disposition of personal property, and, so
considered, would be conclusive of the questions here involved.   Subsequent
decisions, however, expressly recognize the former cases, reannounce the
original rule, and thus confine the *Chamberlain Case* to stated conditions.
When, therefore, we take the point actually decided in that case apart from
the language used, we find that the questions involved were charitable be-
quests and the capacity of a legatee to take.   The capacity of the legatee to
take must necessarily go to, and affect the validity of, a bequest.   If made
to one incapable of taking, the will, so far as that legacy is concerned, must
fail, and such a question must be judged, not by the laws of a testator's
domicile, but by those of the legatee's, for by the latter alone is his capacity
created, limited, and defined.   Applied to charitable bequests, when we recall
the jealousy with which they are watched, the restrictions imposed by stat-
ute, and the disabilities and limitations placed on charitable association.
or corporations to take, the reason for the application of the rule that
the law of the domicile of the legatee must govern is apparent.    That the
*Chamberlain* decision is to be thus limited is shown by the cases of *Manice*
v. *Manice*, 43 N. Y. 387–389; *Draper* v. *College*, 57 How. Pr. 269; and
*Mapes* v. *Society*, 33 Hun, 360.   In *Manice* v. *Manice, supra*, there was a
bequest by a citizen of this state of $5,000 to Yale college, to be accumulated
as a trust fund for a purpose invalid under the laws of New York.    The
court, however, held the bequest effectual so far as requiring the payment of
the fund to the legatee in Connecticut.   As to the questions arising upon the
validity of the trust, the court says: "These are questions, however, which
must necessarily be determined by the courts of the state in which the corpora-
tion's legatee is situated.    The fund is to go there, and be there adminis-
tered.    The will of the testator, so far as the courts of this state can act
upon it, is fully executed when the money is paid ·to the proper officer of the
foreign corporation."
In *Draper* v. *College, supra*, Justice VAN VORST says of the bequests
to the trustees of the college: "The college being legally authorized to take
the gifts, the question as to the validity of the directions and conditions
imposed by the testator as to holding, investing, accumulating, and applying

is for the consideration of the courts of Massachusetts, by whom their validity under the laws of that state is to be determined." In *Mapes* v. *Society, supra,* (general term, second department,) it is said: "A testator, domiciled at the time of his death in the state of Connecticut, left a will by which he gave one-third of his residuary estate to the American Home Missionary Society. This was an association of persons organized for charitable and religious purposes, domiciled in the state of New York, but unincorporated at the time of the testator's death. By the laws of the state of New York the bequest was void; by the laws of Connecticut it was good. Held, that the bequest was governed by the laws of New York, and was therefore void." BARNARD, P. J., says: "The general rule is that, while the execution of the will and the capacity of the testator, and the construction of the instrument, is governed by the law of the domicile of the testator, yet the law of the domicile of the legatee governs the validity of the bequest." This rule, peculiarly applicable to charitable bequests, when applied to bequests to individuals with capacity to take, fails, because the reason and the foundation upon which the rule itself is supported are wanting. In the present case the beneficiaries are in law capable of taking. The property is personal. No charity is created by the trust. No principle or policy is involved which can be urged against the application of the old established rule of *lex domicilii.* In this connection the distinction between real and personal property must always be observed, as clearly pointed out in *White* v. *Howard,* 46 N. Y. 144. In that case the testator was a resident of Connecticut, and GROVER, J., says: "The validity of the bequests of his personal property, and all questions of succession thereto, or rights therein, must be determined under the laws of that state and by the courts of that state. * * * In addition * * * the testator was seized of real estate situated in the city of New York. The validity of the devise of the latter property * * * must be determined by the laws and courts of New York." See, also, *Moultrie* v. *Hunt,* 23 N. Y. 394.

The trust here involved, as before stated, relates solely to personal property, and was created in Rhode Island, pursuant to the laws of that state, by one domiciled there, who appointed as her trustee a New York corporation. Although the trust is valid in Rhode Island, it is claimed that as the provisions thereof contravene our statute against perpetuities, and the fund and trustee are here, it becomes necessary to declare the same void, and decree a distribution under the laws of New York. It would seemingly be a harsh rule of law that a citizen of another state, who had made a valid will according to the law of that state, should, by selecting a trustee in another state, to whom the personal property was sent, render the will void, and entail the penalty of having the property distributed, not according to the terms of his will, but under the laws of the foreign state, as though he had died therein intestate. That the courts of this state will not administer the estate of a foreign citizen here, in contravention of the laws of this state, is true, and, from reasons of policy and principle, will apply its own laws to questions affecting real estate here is equally true; but, in reference to personal property and the testamentary disposition thereof, it will remit all questions relating thereto, and, in case of necessity, the property itself, to the domicile of the testator, to be there dealt with under the *lex domicilii.* It will be thus seen that I do not agree with plaintiffs' contention that the case of *Chamberlain* v. *Chamberlain, supra,* is controlling upon the case at bar.

This case, both in its facts and in principle, is more like *Despard* v. *Churchill,* 53 N. Y. 198. As therein said: "The testator had his domicile in the state of California. He made his will there. No question is made but that it is in all its provisions valid by the law of that state. It, however, by its terms, disposes of certain property in this state, and by provisions which are invalid here, inasmuch as they run counter to our statute law. 1 Rev. St. p.

723, § 15; Id. p. 773, § 1. The statute law here referred to embodies the policy of this state in relation to perpetuities and accumulations. As this sovereignty will not uphold a devise or bequest by one of its citizens in contravention of that policy, it will not give its direct aid to sustain, enforce, or administer here such a devise or bequest made by a citizen of another sovereignty. *Chamberlain* v. *Chamberlain*, 43 N. Y. 424. Yet it is no part of the policy of this state to interdict perpetuities or accumulations in another state. Id. 434. * * * Personal property is subject to the law which governs the person of its owner, as to its transmission by last will and testament; and this principle, though arising in the exercise of international comity, has become obligatory as a rule of decision by the courts. And, as a general rule, the distribution of personal property, wherever made, must be according to the law of the place of the testator's domicile. As has been stated, the courts of this state may not directly aid in carrying out here a bequest which is in violation of its statute law and contrary to a policy of which it is tenacious. And yet they may not hold the bequest void when it is valid by the law of the state by which the disposition of the property is to be governed. The one would be to transgress the written law of this state; the other would be to disregard an unwritten rule of law, well settled, and of extensive and frequent application." While, therefore, the courts of this state will not directly aid in carrying out here the trust which is in violation of its statute law, no valid reason is presented why it should assume jurisdiction over the property and the persons interested, and give a construction of the provisions of the will which will render void the testamentary disposition of property, which was valid in the state where the testatrix was domiciled. The only illegality or disability in this case is not as to any inherent illegality in the trusts themselves, but rather to the disability of the trustee to take and administer the trust. By the charter terms of the defendant trust company it is incapable of executing any trust not valid by the laws of New York; but it is a well-settled principle that equity never wants any trustee, or, in other words, as stated in Perry on Trusts, (4th Ed. § 38,) "if a trust is once properly created, incompetency, disability, death, or non-appointment of a trustee shall not defeat it." The selection, therefore, of the defendant as trustee, which cannot, under its charter, execute the same because not a valid trust under the laws of this state, is no reason for holding the trust itself invalid. I have been referred to no authority in which it has been held that the incapacity of the trustee, from either private domicile or personal or corporate disability, destroys the trust itself. In this very case the trusts were carried out for more than seven years without the intervention of the trustee designated. An account of the administration of the trusts during those seven years was rendered to, and passed upon by, the Rhode Island court, and, had it been so desired by plaintiffs, the very question now presented could have been passed upon in that state. In my opinion, therefore, the proper course for the court here to take is to refuse to assume jurisdiction, and to remit the property, and, if needs be, the persons, to the Rhode Island courts, to the end that the law of the testator's domicile may be applied in determining the validity of the will as a means of transmitting property, and to the construction of the instrument itself. There should be judgment, therefore, in favor of the defendants, dismissing the complaint.