## Peterzell Trust

*Maxwell Strawbridge, Gordon A. Block, Wolf, Block, Schorr & Solis-Cohen,* for accountants.

TAXIS, P. J., May 21, 1956.—The first account of Paul E. Peterzell and Samuel H. Levy, trustees under deed dated October 5, 1951, as stated by Samuel H. Levy, surviving trustee, and Helen R. Peterzell, Herbert B. Claster and Samuel H. Levy, executors of the will of Paul E. Peterzell, deceased, was examined and audited by the court on March 16, 1956.

The account shows a balance of principal for distribution of $59,498, which is embraced in 1,771 shares

of Scudder, Stevens & Clark Fund, Inc., valued at $60,019.19, there being due accountants out of said shares $521.19, and a balance of income for distribution of $2,783.31, consisting of 35.525 shares of Scudder Stevens & Clark Fund, Inc., $1,283.84, and cash.

The reason or purpose of the filing of the account now before the court is the death of Paul E. Peterzell, one of the trustees. He died on July 15, 1955.

The estate accounted for is not subject to the payment of transfer inheritance tax.

The accountant requested and is allowed an additional credit of $37.50, reimbursement to Maxwell Strawbridge for costs of filing the account.

The trust arises as follows:

"(1) During the lifetime of my wife, Mintz Peterzell, my son, Harry Peterzell, and my son, Meyer J. Peterzell, Jr., and the survivor of them, the net income from the trust estate shall be accumulated; provided, however, the Trustees may in their sole and uncontrolled discretion distribute from income, to or on behalf of the said Mintz, Harry and Meyer, any sum or sums which the Trustees deem necessary or appropriate for their maintenance, education and support.

"(2) On the death of the survivor of the said Mintz, Harry and Meyer, the Trustees shall distribute the accumulated income and principal of the trust estate to Settlor's Executors, if they have not been discharged, or in the latter event, to Settlor's Trustees under his last Will and Testament, to be added to and form a part of the residue of his estate and to be distributed as a part of the corpus thereof."

The question has arisen as to the validity of the clause in the trust instrument providing for an accumulation of income during the lifetime of the settlor's wife and children. This accumulation provision of the trust deed is invalid under the law of Pennsylvania as it existed on October 5, 1951, the date of

execution of this deed of trust: Estates Act of April 24, 1947, P. L. 100, sec. 6. The settlor has expressly provided, however, that the deed of trust is to be governed and interpreted in accordance with the laws of California which permit an accumulation of income for a period not to exceed some life or lives in being at the creation of the trust and 21 years: Civil Code of California, 1949 §724.

A conflict exists, and the issue is simply, which law governs? In determining conflict of law questions, involving inter vivos trusts of movables, the courts have placed varying degrees of emphasis on the settlor's domicile, the beneficiary's domicile, the place of administration, the domicile of the trustee, the place of execution of the trust instrument, the intent of the settlor and the situs of the trust res. The latter factor has been adopted by the Restatement, Conflict of Laws §294, as the exclusively determining factor, although this view has not as yet been adopted by the courts of this jurisdiction.

In the present case, the res of the trust at the time of its creation consisted of $100 in cash. The domicile of the settlor and beneficiaries at the time of execution of the trust instrument was in California, and the settlor has expressly declared his intent that California laws apply. All the other operative factors, i.e., situs of the res, place of execution of the trust, place of administration and domicile of trustees are in Pennsylvania.

In Fowler's App. 125 Pa. 388, 393, an inter vivos trust was administered in Pennsylvania and the trustee was domiciled in Pennsylvania, but all other operative factors occurred outside this jurisdiction. The Supreme Court sustained the validity of an accumulation provision saying: " . . . the mere fact that the trustee happens to be a Pennsylvania corporation can-

not invalidate the trust. The act of 1853 [prohibiting accumulations] was only intended to apply to our own citizens, and the trust intended to take effect beyond our own territory cannot be affected by it." For a general discussion of the problem see Trusts of Personalty and Conflict of Laws, 89 U. of Pa. L. Rev. 360; Beale Living Trusts of Movables in the Conflict of Laws, 45 Harv. L. Rev. 969.

In view of Fowler's App., supra, and taking cognizance of the recent legislative amendments to the Estates Act of April 24, 1947, P. L. 100, permitting accumulations in Pennsylvania, I am of the opinion and so hold, that the California law should apply, and that, therefore, the accumulation provisions of this trust are valid.

The net balances of principal and income are awarded to Samuel H. Levy, surviving trustee, and The First Pennsylvania Banking and Trust Company, successor cotrustee.

The account is confirmed, and it is ordered and decreed that Samuel H. Levy, surviving trustee, and Helen R. Peterzell, Herbert B. Claster and Samuel H. Levy, executors of the will of Paul E. Peterzell, deceased, forthwith pay the distribution herein awarded.

Power and authority are given the accountants, Samuel H. Levy, surviving trustee, and Helen R. Peterzell, Herbert B. Claster and Samuel H. Levy, executors of the will of Paul E. Peterzell, deceased, to make the necessary transfers of the shares of Scudder, Stevens & Clark Fund, Inc., herein awarded in kind to Samuel H. Levy, surviving trustee, and The First Pennsylvania Banking and Trust Company, successor cotrustee.

And now, May 21, 1956, this adjudication is confirmed nisi.