CHRISTIAN T. CHRISTENSEN, Respondent, *v.* EDWARD A. QUINTARD, Appellant.

*Supreme Court, First Department, General Term, January* 10, 1890.

*Corporation. Stockholders.*—Where a corporation issued certain stock as paid up to forty per cent. and induced the holder to pay the other sixty per cent. by transferring to him second mortgage bonds of the company, no right of action exists against him either in favor of the corporation or its judgment creditor for the forty per cent. unpaid on the shares, or for the value of the bonds.

Appeal from a judgment recovered on trial at the special term.

*Hamilton Odell*, for appellant.

*C. E. Tracy*, for respondent.

DANIELS, J.—The plaintiff is a judgment creditor of a corporation created under the laws of the United States, and of the state of Illinois and the state of Missouri, and known as the St. Louis Bridge Company. This judgment was recovered in July, 1882, and an execution issued upon it against the property of the judgment debtor, which was afterwards returned wholly unsatisfied. The defendant was the owner of twenty-five shares of the capital stock of the Bridge Company, and also of a quantity of its second mortgage bonds, amounting to the sum of $6,875.

The Bridge Company issued the stock as being paid up, to the amount of forty dollars a share, but no part of this sum of money had been paid upon either of the shares. The company called in the other sixty per cent. upon the shares, and apparently as an inducement for the shareholders to pay the

amount, resolved to distribute among them $1,000,000 in amount of its second mortgage bonds.

No other consideration was given for the bonds received by the defendant than the payment of this sixty per cent. upon the shares. But these bonds, as well as the forty dollars a share upon the stock, were substantially a donation, or gift, by the bridge company to the defendant. And the plaintiff, as a judgment creditor, prosecuted this action against him for the recovery of the amount unpaid upon the shares, and also for the value of the bonds received by him.

The case, after a preceding trial, was before this general term, when it was held that the plaintiff, upon these facts, was entitled to maintain this action. Christensen *v.* Quintard, 36 Hun, 334. And upon this decision the case seems to have been tried, when it resulted in the judgment from which the appeal has been brought. And by this judgment it was held that the plaintiff was entitled to recover the amount unpaid upon the shares, with interest, together with the value of the bonds and interest thereon. The defendant has excepted to the conclusions of fact and law so far as they comprehend the question of his liability. And whether that has been legally maintained by the judgment is the only point now required to be determined for the disposition of the case.

Since the decision made by the general term in this action another action by the same plaintiff against Eno, another stockholder in the bridge company, has, under similar circumstances, been heard and decided. That case was finally taken to the court of appeals, where it was held that the plaintiff was not entitled, upon these facts, to maintain the action. Christensen *v.* Eno, 106 N. Y. 97. And the same conclusion was reached in the still later case of Christensen *v.* Illinois, etc., Bridge Co., 24 N. Y. State Rep. 384. These decisions are decisive of the present action. For no substantial distinction exists between the facts as they are presented by this case and those appearing in the two cases last referred to. It has been urged on behalf of the

respondent that the legal point upon which the liability has been made to turn was not presented in the present action, as it was in the case decided by the court of appeals. But this seems to be a misapprehension.

For the exceptions which were taken by the defendant to the conclusions of fact and law are equally as effectual for the presentation of the point as the motion to dismiss the complaint was in that case. As the facts have now been proved, the action is incapable of being maintained, for the reason assigned upon these other occasions, that the bridge company had no demand or right of action whatever arising out of the facts against the defendant for the payment of the additional forty per cent. on the shares, or for the value of the bonds themselves, and the defendant had received nothing upon either from the company.

The judgment should, therefore, be reversed, with costs.

BARRETT, J., concurs.

NOTE.

See Glenn *v.* Gorth, 60 Hun, 584; Christensen *v.* Eno, 106 N. Y. 97; Same *v.* Illinois, etc., Co., 24 N. Y. St. Rep. 384 ; Central Trust Co. *v.* N. Y. City & Northern R. R. Co., 10 Abb. N. C. 381, 64.