CHRISTIAN E. CHRISTENSEN, Respondent, v. AMOS F. ENO, Impleaded, etc., Appellant.

| 106 | 97 |
| 110 | 661 |

The unissued shares of stock of a corporation are not assets in its hands, and in the absence of any statutory provision, or provision of its charter, one to whom shares have been transferred by it gratuitously, does not, by accepting them, become a debtor to the company or make himself liable to pay the nominal face of the shares as upon a subscription for the stock or a contract, and an action is not maintainable against him by a creditor of the corporation to compel him to pay for such shares.

So, also, where bonds of a corporation have been issued by it gratuitously to a stockholder, but no portion of its property or assets has been applied in payment thereof, the stockholder is not liable to account to creditors for the proceeds of the sale of said bonds by him.

A remedy given by the statutes of another State to creditors of a corporation against its stockholders is not available here.

(Argued May 6, 1887; decided June 7, 1887.)

APPEAL by defendant Eno from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 21, 1885, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff, as judgment-creditor of defendant, the Illinois and St. Louis Bridge Company, against it and defendant Eno, among other things, to compel the latter to pay forty per cent of the par of twenty-five shares of the stock of said company issued by it to him, upon which stock the forty per cent was not paid, but was credited as paid when the stock was issued ; also, to compel said defendant to account for and pay over, in satisfaction of plaintiff's judgment, the proceeds of the sale by him of certain second mortgage bonds gratuitously issued to said Eno as a stockholder by said corporation, upon payment by him of the remaining sixty per cent of said stock.

*William Man* for appellant. The plaintiff cannot maintain an action against a single stockholder to recover on account

of the stock. (*Griffith* v. *Mangam*, 73 N. Y. 611; 2 R. S. [7th ed.] 1531, § 5; *Scoville* v. *Thayer*, 105 U. S. 143, 153, 156; *Bartlett* v. *Drew*, 57 N. Y. 587; *Hastings* v. *Drew*, 76 id. 9; *Hatch* v. *Dana*, 101 U. S. 205.) Stockholders can be held liable for unpaid stock only in an action brought in behalf of all creditors, to which all delinquent shareholders should be parties. (*Mann* v. *Pentz*, 3 N. Y. 415; *Griffith* v. *Mangam*, 73 id. 611; *Seymour* v. *Sturgess*, 26 id. 143; *Gibson* v. *Lewis*, 11 N. B. Reg. 247; *Pollard* v. *Bailey*, 20 Wall. 520; *Terry* v. *Little*, 101 U. S. 216; *Patterson* v *Lynde*, 106 id. 519; *Niver* v. *Crane*, 98 N. Y. 40; *Lowry* v. *Inman*, 46 id. 119; *Wood* v. *Dummer*, 3 Mass. 308.) Evidences of debt cannot be assets of property. (*Lowber* v. *Leroy*, 2 Sand. Super. Ct. 202; *Coddington* v. *Gilbert*, 17 N Y 489 )

*C. E. Tracy* for respondent. The action was properly brought by one creditor on his own behalf and for his own benefit. There is no rule of law which limits the remedy of a creditor in such a case to what are called sequestration proceedings or a suit against all the stockholders as claimed by defendant. (*Barclay* v. *Tallman*, 4 Edw. Ch. 123; *Edmeston* v. *Lyde*, 1 Paige, 636; *Garrison* v. *Howe*, 17 N Y 458, 462, 463; *Hastings* v. *Drew*, 76 id. 9, 16; *Wheeler* v. *Miller*, 90 id. 353, 361; *Hatch* v. *Dana*, 101 U. S. 205 , *Scoville* v. *Thayer*, 105 id. 143.) The judgment-roll evidencing the recovery of the plaintiff's judgment against the corporation was not, nor was the proof of the return unsatisfied of the execution thereon, incompetent evidence as against the defendent Eno. (*Hastings* v. *Drew, supra; Stephens* v. *Fox*, 83 N. Y. 313.) The objection made by defendant that the stock and bonds so received by him were not assets of the corporation, is untenable. (*Railroad Co.* v. *Howard*, 7 Wall. 392, 409, 416; *Sawyer* v. *Hoag*, 17 id. 610, 620; *Upton* v. *Tribelcock*, 1 Otto, 45, 47; *Scammon* v. *Kimball*, 2 id. 362, 367; *Scoville* v. *Thayer*, 105 U. S. 143, 152, 153; *Bartlett* v. *Drew*, 57 N. Y. 597, 589; *Hastings* v. *Drew*, 76 id. 9, 16.)

ANDREWS, J. The judgment below proceeds on the ground that the forty per cent credited as paid on the twenty-five shares of stock of the Illinois and St. Louis Bridge Company, issued to the defendant Eno in 1871, but which was not in fact paid, and also the sum of $5,332.18, realized by him on the sale of second mortgage bonds of the company, received as his share on the distribution of the same among stockholders, pursuant to the resolution of the company of December 20, 1871, were equitable assets in the hands of the defendant Eno, applicable to the payment of the debts of the corporation, and which the plaintiff, as a judgment and execution creditor, may reach in this action and have applied to the satisfaction of his judgment. It is very plain, upon the facts, that the plaintiff in asserting this claim cannot stand upon any right existing in the corporation itself to proceed against the defendant Eno. The transactions by which he acquired the shares as paid up shares to the extent of forty per cent of their nominal amount, and received the bonds, created no obligation as between him and the company to pay the amount unpaid on the stock or to account to the company for the bonds or their proceeds. As between Eno and the company it was not intended that the former should be accountable to the company for the amount unpaid on the stock or for the bonds. Viewing the transactions in the light most favorable to the plaintiff, the credit on the stock and the transfer of the bonds were intended as a gratuity to the stockholders who had been called upon to pay calls upon their original subscriptions in excess of what was expected and of what was represented would be necessary at the commencement of the enterprise. There can be no doubt that as between the corporation and its stockholders these transactions were binding according to the actual intention. The corporation itself would have no standing to demand that the defendant Eno should pay the forty per cent on the stock which it acknowledged had been paid, or that he should account for the proceeds of the bonds. The claim of the plaintiff, therefore, must be maintained, if at all, not in right of the corporation, or by way of equitable

subrogation to any right of the corporation against Eno, but in hostility to the arrangement between them, under which he received the stock and bonds. The plaintiff, to entitle himself to the relief demanded, is compelled to maintain that, as a creditor of the corporation, he has rights superior to those of the corporation itself and may hold the defendant to account for the unpaid forty per cent on the stock as though he had been a subscriber therefor, and for the proceeds of the bonds as though he had purchased them of the corporation, or had sold them on its account. So far as respects the claim to recover the forty per cent unpaid on the twenty-five shares of stock, we understand it is placed, by the learned counsel for the plaintiff, mainly on the proposition that the capital stock of a corporation is a trust fund for the security of creditors, which cannot be given away or distributed among stockholders so long as debts of the corporation remain unpaid, and that the transaction in question was a violation of this principle. The general principle asserted is, doubtless, well founded, but if it had an appropriate application in the present case, the plaintiff would encounter some difficulty under the authorities in this State, in maintaining a separate action as an individual creditor of the corporation, to reach assets which constitute a trust fund, not for the protection of one creditor only, but equally for all the creditors of the corporation. (*Griffith* v. *Mangam*, 73 N. Y. 611, and cases cited.) But passing this, we are of opinion that the forty per cent credited on the twenty-five shares of stock issued to the defendant Eno, cannot be considered as, and does not constitute a trust fund applicable to the payment of creditors. The capital of a corporation consists of its funds, securities, credits and property of whatever kind which it possesses. The word "capital" applied to corporations is often used interchangeably with the words "capital stock," and both are frequently used to express the same thing — the property and assets of the corporation. Strictly, the capital stock of a corporation is the money contributed by the corporators to the capital, and is usually represented by shares issued to subscribers

to the stock on the initiation of the corporate enterprise. (See *Burrall* v. *Bushwick R. R. Co.*, 75 N. Y. 211, 212, and cases cited.) It may.be admitted that the liability of subscribers on unpaid stock subscriptions constitute an asset of the corporation, which cannot be surrendered or given up by the corporation without consideration to the prejudice of creditors. It is not claimed that there is any express prohibition in the charter of the bridge company against issuing shares purporting to be fully paid without actual payment. The charter authorizes books of subscription to the stock to be opened. The most that could be claimed from this provision is that by implication it prohibits the issue of stock except to actual subscribers who should undertake to pay the nominal amount of the shares when required. There is no pretense that the defendant Eno ever subscribed for the twenty-five shares of *bonus* stock (so called), or entered into any engagement to pay the forty per cent credited thereon. This was distinctly contrary to the intention of all parties. The plaintiff seeks to charge him as though he had subscribed for the stock and entered into a contract obligation with the company to pay the forty per cent. We can see no ground upon which he can be made to respond to the creditors of the company as upon an unpaid subscription. Assuming that the transaction as to the company was *ultra vires*, or that it could not give away its shares, the transaction in that view was simply a nullity, and Eno got nothing as against any one entitled to question the transaction. But it did not convert him into a debtor of the company for the forty per cent. He entered into no contract to pay it. He has received nothing on account of the twenty-five shares, and it is not claimed that the charter in terms imposes the liability claimed. The unissued shares of a corporation are not assets. When issued they represent a proportionate interest in the shareholder in the corporate property — an interest, however, subordinate to the claims of creditors. There are unquestioned public evils growing out of the creation and multiplication of shares of stock in corporations

not based upon corporate property. The remedy is with the legislature. But the liability of a shareholder to pay for stock does not arise out of his relation, but depends upon his contract, express or implied, or upon some statute, and in the absence of either of these grounds of liability, we do not perceive how a person to whom shares have been issued as a gratuity has, by accepting them, committed any wrong upon creditors, or made himself liable to pay the nominal face of the shares as upon a subscription or contract. (*Seymour* v. *Sturgess*, 26 N. Y. 134; *In re Western Canada Oil Co.*, L. R., 1 Ch. Div. 115; *Waterhouse* v. *Jamieson*, 2 L. R., H. L. [Sc.], 29.) The question as to the right of the plaintiff to compel the defendant to account for the sum realized by him on the sale of the bonds, is affected by the fatal difficulty that the defendant has received nothing from the corporation except its promise to pay, which has never been performed. The plaintiff has withdrawn nothing from the funds of the company on account of the bonds (unless it may be a sum represented by a single interest coupon) and creditors have not been prejudiced by the transaction. It is alleged, and it was offered to be proved, that the property of the company had been sold on the foreclosure of the first mortgage. It is unnecessary to consider what the rights or liabilities of the defendant would be in respect to the bonds as between himself and other creditors of the corporation on a distribution of assets, or if it had appeared that the corporation had paid the bonds issued to the defendant. The situation in either of these aspects is not presented. This is not a case of following assets of a corporation wrongfully transferred. The defendant has received none of the funds or assets of the company available to creditors. The loss on the bonds falls on those who have purchased them relying on the credit of the corporation. The situation of the general creditors has not, so far as appears, been affected by the fact that the company received nothing for the bonds. The statute of Missouri, the State from which the bridge company in part derives its existence, authorizes a creditor of a corporation, who shall have obtained judgment against it,

upon which an execution has been returned *nulla bona*, to issue execution thereon against any stockholder to an extent equal in amount to the amount of stock held by him " together with any amount unpaid thereon." The courts of Missouri on an application under this statute for leave to issue execution against a person who was a director and stockholder in the bridge company, who had received bonus stock and bonds, granted the application and came to the conclusion that the forty per cent credited on the stock could be regarded as the amount unpaid thereon within the statute, and that the amount received on the bonds was also recoverable. (*Skrainka* v. *Allen*, 7 Mo. Rep. 434, 435; *S. C.*, 76 id. 384.) The statutory remedy is, of course, not available in this State. (*Lowry* v. *Inman*, 46 N. Y. 119, 120.) The court seems to have given much weight to the fiduciary and trust relation existing between a director of a corporation and its creditors. That relation did not exist between the defendant Eno and the creditors of the company. He was a stockholder simply, and no trust relation exists between a stockholder in a corporation and its creditors. The decision in Missouri may stand on its special circumstances, but it is not controlling in the case before us.

We are of opinion that the judgment appealed from is erroneous and that it should, therefore, be reversed and a new trial ordered.

All concur.

Judgment reversed.