May vs. Black.

MAY, Respondent, vs. BLACK, imp., Appellant.

*May 2 — May 20, 1890.*

*Corporations: Special remedy against stockholders, where and how enforced: Constitutional law.*

1. The constitution of Michigan provides that the stockholders of all corporations shall be individually liable for all labor performed therefor, and a statute of that state provides that "said liability may be enforced by action in *assumpsit*," and that "suit for such labor may be commenced against any or all the stockholders and the corporation jointly." , *Held*, that the remedy by action in *assumpsit* is exclusive, and that the corporation must be a party.
2. The remedy thus given against the stockholders can be enforced only in the courts of Michigan.

APPEAL from the Circuit Court for *Fond du Lac* County. The facts are stated in the opinion. The defendant *Black* appealed from a judgment in favor of the plaintiff.

For the appellant there was a brief by *J. W. Hiner*, at-

torney, and *Van Dyke & Van Dyke*, of counsel, and oral argument by *Mr. Hiner* and *Mr. G. D. Van Dyke*.

For the respondent there were briefs by *Colman & Sutherland*, attorneys, and *T. W. Spence*, of counsel, and oral argument by *D. D. Sutherland* and *Charles Quarles*. They contended, *inter alia*, that a suit in equity was the proper remedy to enforce the stockholder's liability in this state. *Sleeper v. Goodwin*, 67 Wis. 577; *First Nat. Bank v. Gustin M. C. M. Co.* 42 Minn. 327; Morawetz on Corp. sec. 611; *Taft v. Ward*, 106 Mass. 518; *Pfohl v. Simpson*, 74 N. Y. 137. The remedy given by the Michigan statute is not exclusive, because the right existed under the constitution, prior to and independent of that statute. The constitutional provision was self-executing. Cooley, Const. Lim. 100; *Schricker v. Ridings*, 65 Mo. 208; *Goldman v. Clark*, 1 Nev. 607; Cook, Stock, sec. 222.

ORTON, J. This action was commenced by the respondent on a demand for work and labor, and in behalf of all others having like claims who may come in and become co-plaintiffs, against the Nanaimo Mining Company, a corporation organized under the laws of the state of Michigan, and *John C. Black* and others, stockholders of said corporation residing in this state or amenable to the process of the court. The action is in equity, and the prayer is that the defendant stockholders be decreed and adjudged to pay into court, for the use of the plaintiffs, the amounts due each for such work and labor. No judgment is demanded against the corporation, and it did not appear in the action. It is alleged in the complaint that the corporation is insolvent, and that all of its property has been sold to pay its creditors in attachments. The judgment is at law, that the plaintiff and five others who had become co-plaintiffs "have and recover against the defendant *John C. Black* $1,838.34 and costs, and against John S. McDonald, $529.74

and costs, and that execution issue in due form of law." The defendant *John C. Black* held stock as assignee of the said McDonald at the time the labor claims for which judgment was rendered against him accrued, and the defendant McDonald held the same stock when such claims for which judgment was rendered against him accrued, and said *Black* was not a stockholder when the suit was commenced, but the said McDonald was. The said *Black* was the cashier of the Continental National Bank of Chicago, and held the stock as such cashier, by assignment from McDonald, as collateral security for a loan made by him of the bank, and not otherwise.

The important questions of law in the case were, therefore: (1) Were the stockholders at the time the debt accrued liable, or those who were such when the action was commenced, or are the stockholders of this corporation liable as copartners or sureties? (2) Could *Black* be held liable, holding such a relation to the stock and the bank? (3) Is this the proper remedy and in the proper jurisdiction? On this appeal these questions were argued before this court by the respective and learned counsel with great force and ability. The third question, of remedy and jurisdiction, should stand first. If this court should hold that the plaintiff has mistaken his remedy or pursued it in the wrong tribunal or jurisdiction, it would be neither necessary nor proper to decide the first two questions. We are compelled by the authorities and the reasons on which they are based to hold in the negative as to both questions.

1. This is a corporation of the state of Michigan, and the liability of its stockholders, and the manner of its enforcement, are governed by the laws of that state. It is a special statutory liability, to be enforced by statutory remedies. Sec. 35, No. 113, of the Public Acts of 1877, of that state, the general law under which this corporation was organized, provides that "the stockholders of all corporations existing

hereunder shall be individually liable for all labor performed for such corporation, which said liability may be enforced by action in *assumpsit* commenced within two years from the time when payment for such labor became due, and not afterwards." It would seem that an action against stockholders for such labor claims ought to be brought under this statute. But it is contended by the learned counsel of the respondent that, inasmuch as the constitution of that state created this liability without providing any special remedy or method of enforcement, it may be enforced by the usual remedies for the enforcement of any such general liability. The constitutional provision is that " the stockholders of all corporations and joint-stock associations shall be individually liable for all labor performed for such corporation or association." It was held in *Hanson v. Donkersley,* 37 Mich. 184, that this liability is not *primary* but *collateral,* and in a suit under the statute the statutory conditions must be fully complied with; and in *Peck v. Miller,* 39 Mich. 594, it was held that, if the constitutional provision is sufficient to execute itself, it can be only by some proceeding in equity, but that there is no remedy at law to do complete justice in such a case without some aid of statutes.

In *Morley v. Thayer,* 3 Fed. Rep. 737, it is held by Judge Clifford that a similar constitutional provision of Massachusetts could not execute itself, and required legislation to carry it into effect by prescribing the means and mode of its enforcement, and that it is clear that the statutes passed in fulfilment of that requirement constitute the unmistakable rule of decision, and furnish the only basis of judicial action. To the same effect are *Fusz v. Spaunhorst,* 67 Mo. 256; *French v. Teschemaker,* 24 Cal. 518; and *Groves v. Slaughter,* 15 Pet. 449. It is inconceivable how any remedy could be effectual without the aid of statutory provisions. But the plaintiff is estopped from so claiming by his complaint,

that predicates the action on the statutory liability and refers to the statutory proceedings of the corporation by which the liability was incurred. The action is brought under the statute, and, as a matter of course, the statute must be complied with. The remedy provided by the statute is exclusive of all others. "The statute which creates the corporation may also declare the purpose of its creation, and provide for the manner of its enforcement." *Pollard v. Bailey*, 20 Wall. 520. "Where the statutes of the state which creates a corporation, making the stockholders liable for the corporate debts, provide a special remedy, the liability of a stockholder can be enforced in no other manner." *Fourth Nat. Bank v. Francklyn*, 120 U. S. 747. "Where the statute prescribes expressly the form of the remedy it is the well established rule that that remedy was intended by the legislature to exclude every other, and it must be strictly pursued." Cook, Stock, § 220, and cases cited.

In the same sec. 35 of the above statute, it is provided that "suit for such labor may be commenced against any or all of the stockholders and the corporation jointly; but no levy shall be made upon the property of stockholders under an execution issued upon such judgment until the property of the corporation shall have been exhausted, and the clerk of the court issuing such execution shall indorse thereon a direction to the officer to that effect." Sec. 22 provides, after making it lawful for such corporation to do business in any place in the United States, that "any such corporation shall be subject to the laws of this state in regard to corporations, so far as the same shall be applicable to corporations formed under this act." The remedy is by action in *assumpsit*, and this is exclusive of all other remedies. It is the only action applicable. "The stockholders shall be individually liable for all labor performed." What other action is appropriate? The labor claim is unliqui-

dated, and therefore debt will not lie. The remedy by *assumpsit* is ample and adequate, and therefore a suit in equity will not lie. There must be a judgment in an action at law to be enforced by *execution* after the property of the corporation is exhausted. The judgment must be against the corporation and stockholders jointly, and so also the execution with the clerk's indorsement thereon to first exhaust the property of the corporation. The fact that the corporation is insolvent, and its property sold, can make no difference. The statute makes no such exception, and it must appear that its property is exhausted, by return to that effect on the execution, before taking the property of the stockholders. This action is nominally in equity, but no relief of an equitable nature is demanded, and it finally resulted in a judgment at law to be enforced by execution. It is held in *Thompson v. Jewell*, 43 Mich. 240, that the action *must* be brought against the corporation and stockholders jointly, and that the word "may" in the statute is permissive and optional only as to the number of the stockholders, as "any or all." In *Milroy v. Spurr M. I. M. Co.* 43 Mich. 231, it is held that such remedy is exclusive, and that the corporation *must* be joined in every case. There is yet another restriction of the remedy. In sec. 37 it is provided that "personal actions against said corporations shall be commenced *only* in the county where the mine or smelting or other manufacturing works are situated, or in the county where the business office in *this state* is located." In *Arno v. Wayne Circuit Judge*, 42 Mich. 362, it is held that the legislature had the right to place this restriction on the *venue* of the action, and that when the suit is brought in the wrong county it may be disposed of on "plea in abatement or motion," as in *Haywood v. Johnson*, 41 Mich. 598.

It follows, therefore, that this action is not properly

brought. It is in equity, when it should be in *assumpsit.* It is brought against stockholders alone, when it should be against them and the corporation jointly.

2. The courts of this state have no jurisdiction in such a case, and it is confined to the courts of the state of Michigan, under whose laws the corporation was created, and by which it is governed. There are two reasons in the act itself why this is so: (1) No jurisdiction can be obtained to render a personal judgment against the corporation anywhere else; (2) actions are limited to a particular place in that state.

But it is a principle of law that does not appear to be questioned, that, where a special remedy against stockholders is prescribed by the statute under which the corporation is formed, it must be enforced in the courts of that state exclusively. Note to *Thompson v. Reno S. Bank,* 19 Nev. 103, 3 Am. St. Rep. 869. Where the act requires judgment to be first obtained and execution to be first issued against the corporation, and its property exhausted, it is contemplated that such judgment must be obtained and the execution issued in the state in which the corporation exists. *Bank v. Bliss,* 89 N. Y. 338; *Dean v. Mace,* 19 Hun, 391. Where the liability and the remedy against stockholders are statutory they are confined in their operation "to the limits of the sovereignty creating the corporation, without extra-territorial force or obligation." *Lowry v. Inman,* 46 N. Y. 119. "A remedy given by the statutes of another state to creditors of a corporation against its stockholders is not available in the state of New York." *Christensen v. Eno,* 106 N. Y. 97. In *Nimick v. Mingo Iron Works Co.* 25 W. Va. 184, it is held that, under a similar statute as to the liability of stockholders of the state of Ohio, the corporation is a necessary party, and that the remedy must be pursued in the courts of that state. "A

creditor of a corporation established in New Hampshire, the stockholders of which are individually liable for its debts under the statutes of that state, . . . cannot maintain a bill in equity . . . to enforce his claim against the stockholders [in Massachusetts], although some of them live here." *Erickson v. Nesmith*, 4 Allen, 233. Jurisdiction in such a case cannot exist outside of the state where the corporation was created, because it cannot be obtained over the corporation, which is a necessary party. *Patterson v. Lynde*, 112 Ill. 196.

It is not necessary to cite more cases. The principle would seem to be self-evident. We hold, therefore, that this action is not properly brought, nor brought within the proper jurisdiction.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to dismiss the complaint.