NORMAN A. BARNES, Appellant, *v.* GERRIT S. WHEATON, Respondent.

*Liability of corporate stockholders under the Constitution of the State of Ohio — action brought under the statute of another State — right of action against a stockholder for the corporate debts — when not maintainable in the New York courts — form of action.*

The provision of the Constitution of the State of Ohio, declaring that "dues from corporations shall be secured by such individual liability of the stockholders and other means as may be prescribed by law, but in all cases each stockholder shall be liable over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum, at least equal in amount to such stock," is not self-executing. Its purpose is to confer upon the Legislature the power, and to impose upon it the duty, of securing dues from corporations by imposing upon the stockholders of corporations organized under the laws of that State an individual liability and by such other means as, in its discretion, it should deem proper, but limiting such power and discretion by the provision that each stockholder should be made liable to an amount at least equal to the amount of the stock held by him.

Such provision, independent of a statute imposing such liability, does not confer upon a creditor of a corporation organized under the laws of the State of Ohio any right to maintain an action to charge such liability upon its stockholders.

In an action brought upon a cause of action given by a statute of another State, the existence of the statute is a fact which must be pleaded, and it must appear that under the statute, if proved, a good cause of action exists in favor of the plaintiff against the defendant.

A right of action against a stockholder for the debts of a corporation does not exist at common law, and a statute which imposes upon the stockholder personal liability for the corporate debts, as it is in derogation of the common law, must be strictly construed, and cannot be extended beyond its literal terms.

A party seeking to maintain an action under a statute must state every fact requisite to a cause of action arising under it, and to state a cause of action under the provisions of section 3258 of the statutes of Ohio, as revised in 1890, imposing a liability for the debts of a corporation upon its stockholders, it is necessary to allege that the corporation mentioned in the complaint was either formed subsequent to the adoption of the statute, or that the stockholders thereof were at the time of its passage liable under some former statute for the corporate debts.

Under the statutes of the State of Ohio the corporation mentioned in the complaint, in an action brought to enforce the liability of the stockholders thereof, and the owners and holders of its stock and all persons liable as stockholders thereof, must be joined as defendants. An independent action cannot be maintained in the State of Ohio against one stockholder alone, and the remedy to enforce the liability of stockholders, being specially provided by the statutes of that State, is exclusive, and not available in the courts of the State of New York.

APPEAL by the plaintiff, Norman A. Barnes, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 28th day of November, 1893, upon the decision of the court, rendered at the Onondaga Special Term, sustaining the defendant's demurrer to the plaintiff's amended complaint and dismissing the plaintiff's complaint, with notice of an intention to bring up for review on such appeal the findings of the court and the order entered in said clerk's office on the 28th day of November, 1893, sustaining the demurrer to the amended complaint.

The allegations of the amended complaint herein are in substance that the Bellevue Banking Company was duly organized under the laws of the State of Ohio as a joint-stock banking company, on or about September 23, 1876; that its last principal place of business and its office were located in Bellevue, Huron county, Ohio; that prior to September 30, 1887, it was doing a general banking business; that section 3 of article 13 of the Constitution of Ohio pro-

vides : " Dues from corporations shall be secured by such individual liability of the stockholders, and other means, as may be prescribed by law ; but in all cases each stockholder shall be liable, over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum, at least equal in amount to such stock ; " that section 3258 of the Revised Statutes of Ohio, Giauque's edition, 1890, provides : " The stockholders of a corporation which may be hereafter formed, and such stockholders as are now liable under former statutes, shall be deemed and held liable, in addition to their stock, in an amount equal to the stock by them subscribed, or otherwise acquired, to the creditors of the corporation, to secure the payment of the debts and liabilities of the corporation ; " that section 3260 of said statutes provides : " A stockholder or creditor may enforce such liability by action jointly against all the holders or owners of stock, which action shall be for the benefit of all the creditors of the corporation and against all persons liable as stockholders, and in such action there shall be found and determined the amount payable by each person liable as stockholder on all the indebtedness of the corporation, in which adjudication no costs shall be taxed to, nor collected of, any stockholder to an amount which, together with the amount to be paid on said indebtedness, will exceed the amount of the stock on which he is liable."

It was further alleged that this action was brought by the plaintiff as a creditor of such corporation, pursuant to the statutes hereinbefore referred to, for the benefit of himself and all the creditors of said corporation, to ascertain the *pro rata* share of the indebtedness of said corporation for which the defendant is severally liable, and to recover judgment against him for the amount of said liability ; that prior to the 30th day of September, 1887, the plaintiff was a *bona fide* creditor of said corporation to the amount of $1,223.02 ; that on the last-mentioned date the company, being insolvent, made an assignment for the benefit of its creditors to Thomas C. Wood, since which time said corporation has had no property upon which an execution could have been levied, and an action at law would have been useless, and that said company is now, and has been since September 30, 1887, hopelessly insolvent ; that on or about October 15, 1887, the plaintiff duly presented his claim, properly verified, to the assignee for allowance ; that it was allowed, and such allowance

duly approved by the Probate Court of Huron county; that the assignee declared dividends to the creditors of said corporation whose claims had been approved, amounting to sixty-five per cent of such claims, and paid the same *pro rata* to such creditors, including the plaintiff, but not including the interest thereon; that the total authorized capital of said company was $100,000, divided into shares of $100 each; that at the time the indebtedness to the plaintiff was incurred the defendant and nineteen others, including Abishai Woodward and E. J. Sheffield, were the stockholders of such corporation, the defendant having 80, Woodward 150 and Sheffield 80 shares of such stock; that all the solvent stockholders of such corporation paid their subscriptions and shares of stock in full; that in 1889 the plaintiff, pursuant to the statutes of the State of Ohio herein referred to, commenced an action in the courts of the State of Ohio as a creditor of such corporation for the benefit of himself and all the creditors thereof against all the stockholders, for the purpose of obtaining an accounting of the indebtedness of the corporation, as to who were its stockholders, the amount of stock held by each, and what, if any, portion of the subscription of the stockholders remained unpaid, who of the stockholders were solvent, who were creditors, the amount and nature of their claims, and to recover judgment against such stockholders for the amount of their respective liabilities, and for other relief according to the statutes of the State of Ohio before referred to; that the defendant was not served with process in that action, did not appear therein, was not then and has not since been a resident of Ohio, or owned any property in said State excepting said stock; that at the commencement of this action the defendant resided in the county of Onondaga, N. Y., owned a large amount of real estate therein, was solvent, and all the other stockholders were then and now are residents of Ohio, and not within the jurisdiction of this court; that judgment was duly rendered in the action brought in Ohio against the defendants who were served with process in that State, but not including the defendant herein, and against the defendants in that action who were found by the court to. be solvent, in which judgment it was, among other things, adjudged that said corporation was insolvent, had made a general assignment for the benefit of its creditors, and that its debts remaining unpaid, including the interest

up to November, 1891, amounted to $50,922; that it was further adjudged that to pay such liabilities it would require an assessment of the stockholders who were solvent and within the jurisdiction of the court, of eighty-five per cent of the amount of the stock held by the stockholders who were solvent named in the petition, and within the jurisdiction of the court; that it was further adjudged that if execution against any of the defendants should be returned unsatisfied, that a new assessment be made upon the resident stockholders, defendants therein, to pay such uncollected judgments, provided that none of the stockholders, defendants therein, should be assessed to an amount greater than the amount of the stock held by them, with interest at six per cent from July 30, 1889; that executions were issued under said decree against Woodward and Sheffield to collect judgments rendered against them severally upon their stock, which executions were returned unsatisfied, and they have been found to be insolvent; that it was further decreed that one Rood be, and he was, appointed receiver in said action to collect and receive from the defendants therein the amounts of their several liabilities as decreed in said judgment, and to pay the same over to the creditors upon the judgments rendered therein in their favor *pro rata;* that the general assignee of said corporation has collected all the available assets of the corporation, has paid the same, less the expenses of administration, to the creditors of said corporation *pro rata,* prior to the commencement of the action in Ohio; that the assignee has rendered his account as such to the Probate Court of Huron county, has been duly discharged, and that there are no assets remaining in his hands applicable to the payment of the debts of the company; that the receiver duly qualified, entered upon the duties of his office and has proceeded to enforce said judgment and collect from the solvent stockholders, who were defendants, the amount of the judgments against them respectively, and has collected the whole amount of said judgments against all the defendants who were decreed to be solvent, except the defendants Woodward and Sheffield, on the judgments against whom executions were returned unsatisfied, and they were found to be insolvent, and the judgments against them worthless; that the amount collected by such receiver from the solvent stockholders was the sum of $39,204.86, from

which the receiver has distributed among the creditors of the corporation, including the plaintiff, the sum of $33,262.32, being sixty-five per cent of the total amount due said creditors according to said judgment, leaving thirty-five per cent, or $17,659.68, still due and owing the creditors of said bank, with interest from November 2, 1891 ; that out of the moneys remaining in the hands of the receiver the costs of the action, of the administration and receiver's fees, master's fees and other disbursements and expenses must be paid, which will substantially exhaust all the moneys remaining in the hands of the receiver ; that in order to pay the remaining debts of said corporation to its creditors it will be necessary to collect from the stockholders who are solvent and against whom judgments have been recovered the remaining fifteen per cent of the amount of stock held and owned by them, and also to collect of the defendant in this action the full amount of the par value of the stock held by him, with interest from the 10th day of October, 1891 ; that in accordance with the provisions of the Constitution of the State of Ohio, the statutes of that State, the decisions of the courts thereof, and by reason of the facts hereinbefore stated, the defendant Wheaton is liable severally to the plaintiff acting for himself and for the benefit and on behalf of the other creditors of said corporation *pro rata* in the sum of $8,000, being a sum equal to the amount of the capital stock of said corporation held and owned by him, with interest from the 10th day of October, 1891, the date of the commencement of this action.

The plaintiff demanded judgment against the defendant for the sum of $8,000, with interest from the 10th day of October, 1891, and that, if necessary to the final determination of this action, the other stockholders of the corporation might be brought in as parties defendant, and for such other and further relief as to the court might seem just and proper under the laws of the State of Ohio hereinbefore referred to.

To this complaint the defendant demurred upon the grounds : "*First.* That the court has not jurisdiction of the subject of the action.

"*Second.* The defendant further demurs to the amended complaint on the ground that there is a defect of the parties plaintiff, because it appears in the said amended complaint that the action is

brought to recover a liability alleged to have been imposed upon the defendant as one of the stockholders of the Bellevue Banking Company, under the laws of the State of Ohio, which company made an assignment for the benefit of its creditors to Thomas C. Wood, and that said company has various creditors, and that Thomas C. Wood, as assignee of said Bellevue Banking Company, and said creditors are not joined as parties plaintiff herein, and that, therefore, there is defect in parties plaintiff.

"*Third.* The defendant further demurs to the amended complaint herein because it appears that the said action is brought to recover a liability alleged to have been imposed upon the defendant and other stockholders mentioned in the complaint herein of the Bellevue Banking Company under the laws of the State of Ohio, and that said stockholders are not made parties defendant in this action, and that, therefore, there is a defect in parties defendant.

"*Fourth.* The defendant further demurs to the amended complaint on the ground that it appears on the face of said amended complaint that it does not state facts sufficient to constitute a cause of action."

The issues of law joined by the defendant's demurrer were brought to trial at a Special Term, and the court found the facts as alleged in the complaint, sustained the defendant's demurrer, dismissed the plaintiff's complaint, with costs, and directed judgment accordingly. In pursuance of this decision judgment was duly entered in Onondaga county November 28, 1893. From this judgment the plaintiff appeals and seeks to bring up for review upon such appeal the order sustaining such demurrer and the findings of law by the court on the decision of the issues of law raised thereby.

*Walter S. MacGregor*, for the appellant.

*Jenney & Marshall*, for the respondent.

MARTIN, J. :

The provisions of the Constitution of the State of Ohio set out in the complaint declare that, " Dues from corporations shall be secured by such individual liability of the stockholders and other means as may be prescribed by law ; but, in all cases, each stockholder shall be liable over and above the stock by him or her owned,

and any amount unpaid thereon, to a further sum, at least equal in amount to such stock." In *State of Ohio, etc.*, v. *Sherman* (22 Ohio St. 411) it was held that the Legislature of that State had no power, under the present Constitution, to create corporations without securing the individual liability of their stockholders, at least to the minimum amount required by the Constitution ; and if the act of incorporation did not secure this, either by express provision or by requiring from the corporators or stockholders such acts of organization or otherwise as would subject them to the constitutional provision, the act would be unconstitutional and void. In *French* v. *Teschemaker* (24 Cal. 518, 539), where a similar provision in the Constitution of that State was under consideration, it was held that the provision was not self-executing, but required legislation to carry it into operation. The cases of *Morley* v. *Thayer* (3 Fed. Rep. 737), *Fusz* v. *Spaunhorst* (67 Mo. 256), and *Groves* v. *Slaughter* (15 Pet. 449), are to the same effect.

It is obvious that this provision of the Constitution of the State of Ohio is not self-executing, but that its purpose is to confer upon the Legislature the power and impose upon it the duty of securing dues from corporations by imposing upon the stockholders of such corporations as are organized under the laws of that State an individual liability, and by such other means as, in its discretion, it should deem proper, but limiting such power and discretion by the provision that each stockholder should be made liable to an amount at least equal to the amount of the stock held by him, and we think that this provision does not, independent of a statute imposing such liability, confer upon the plaintiff any right to maintain this action. Moreover, an examination of the complaint discloses that this action was not based upon a right to recover under the provisions of the Constitution, but upon the provisions of the statutes of that State passed in, pursuance of such constitutional provision, and thus the plaintiff is bound by his complaint which bases the action upon the statutory liability of the defendant. (*May* v. *Black*, 77 Wis. 104.)

Therefore, in determining the liability of the stockholders of a corporation organized under the laws of that State, it is necessary to examine the statutes defining or declaring the same. The only statute which imposes or defines such liability, at least so far as appears from the complaint, is section 3258 of the statutes of Ohio,

as revised in 1890.  As we have already seen, that section provides: " The stockholders of a corporation which may be hereafter formed, and such stockholders as are now liable under former statutes, shall be deemed and held liable, in addition to their stock, in an amount equal to the stock by them subscribed, or otherwise acquired, to the creditors of the corporation, to secure the payment of the debts and liabilities of the corporation." If there was any other statute of that State that would justify this action upon the facts alleged in the complaint, the existence of that statute should have been set out to a sufficient extent to show that the plaintiff had a right of action under and by virtue of it.  In an action brought upon a cause of action given by the statute of another State, the existence of the statute is a fact which must be pleaded, and it must appear that under the statute, if proved, a good cause of action exists in favor of the plaintiff against the defendant. (*Fagan* v. *Strong*, 17 N. Y. Civ. Proc. Rep. 438; *Throop* v. *Hatch*, 3 Abb. Pr. 23; *Debevoise* v. *N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 378.)  A right of action against a stockholder for the debts of a corporation does not exist at common law, and a statute which imposes upon the stockholder personal liability for the corporate debts must be strictly construed, as it is in derogation of the common law, and cannot be extended beyond its literal terms. (*Chase* v. *Lord*, 77 N. Y. 1.)  A party seeking to maintain an action under a statute must state every fact requisite to a cause of action arising under it. (*Austin* v. *Goodrich*, 49 N. Y. 266.)  To state a cause of action under the provisions of section 3258, it was necessary to allege that the corporation mentioned in the complaint was either formed subsequent to the adoption of the statute, or that the stockholders of it were, at the time of its passage, liable under some former statute, as that section is made applicable only to such cases.  The complaint in this case contains no such allegation, and thus, we think, fails to state a cause of action against the defendant under section 3258.

The statutes of the State of Ohio have not only limited the liability of stockholders to those of a corporation formed after the passage of that act, and such stockholders as were then liable under former statutes, but they have also provided a special remedy for the enforcement of such liability.  Section 3260 of the Revised Statutes of Ohio in effect provides that a stockholder or creditor may

enforce the liability mentioned in section 3258 by a joint action against all the holders or owners of the stock of the corporation, which action shall be for the benefit of all the creditors of the corporation and against all persons liable as stockholders. In such an action there shall be found and determined the amount payable by each person liable as such stockholder on all the indebtedness of the corporation, and that upon such an adjudication no costs shall be taxed to, nor collected of, any stockholder, to an amount which, together with the amount to be paid on such indebtedness, would exceed the amount of the stock on which he was liable.

Thus the question is presented whether this statute has provided such a remedy for the enforcement of the liability imposed by section 3258 as to exclude any other remedy.

In *Nimick & Co.* v. *Mingo Iron Works Co.* (25 W. Va. 184) the question of the effect and operation of this statute was considered, and it was there held that it not only conferred upon the creditors of a corporation a new right, but also prescribed the remedy whereby the same might be enforced ; that the remedy so prescribed for the ascertainment and enforcement of this liability must be pursued in the courts of the State of Ohio, where the corporation was located, and by the local statutes of which alone the liability existed, and that a bill in equity to ascertain and determine the extent of such individual liability against the stockholders of such corporation could not be sustained in the courts of West Virginia.

*May* v. *Black* (77 Wis. 101) was an action commenced in that State on a demand for work and labor against a corporation organized under the laws of the State of Michigan. The Constitution of the latter State provides that the stockholders of all corporations organized under the statutes of that State shall be individually liable for all labor performed for it, and that such liability may be enforced by an action in *assumpsit*, and a suit for such labor may be commenced against all the stockholders and the corporation jointly. In that case it was held that the remedy by action in *assumpsit* was exclusive, that the corporation must be a party, and that the remedy thus given against the stockholders could be enforced only in the courts of Michigan.

In *Pollard* v. *Bailey* (87 U. S. [20 Wall.] 526), in examining

this question, Chief Justice WAITE said : " The individual liability of stockholders in a corporation for the payment of its debts is always a creature of statute. At common law it does not exist. The statute which creates it may also declare the purposes of its creation, and provide for the manner of its enforcement." After discussing the provisions of the charter then under consideration, he added : " It was not only to be apportioned and collected, but the mode of apportionment and the manner of collection were specially provided for. The liability and the remedy were created by the same statute. This being so the remedy provided is exclusive of all others. A general liability created by statute without a remedy may be enforced by an appropriate common-law action. But where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed."

In *Fourth National Bank* v. *Francklyn* (120 U. S. 747) it was held that where the statutes of a State create a corporation, making the stockholders liable for the corporate debts, and provide a special remedy, the liability of the stockholders can be enforced in no other manner in a court of the United States.

In *Erickson* v. *Nesmith* (4 Allen, 233) it was held that a creditor of a corporation established in New Hampshire, the stockholders of which were individually liable for its debts under the statutes of that State, could not maintain a bill in equity in Massachusetts to enforce his claim against the stockholders, although some of them lived there, and the bill was alleged to be brought in behalf of all the creditors.

In *Patterson* v. *Lynde* (112 Ill. 196), where a bill was filed by creditors of an insolvent corporation of the State of Oregon against the defendants as stockholders, the complainants alleged the recovery of a judgment at law in Oregon against the company, its insolvency and their inability to obtain a judgment at law in the State of Illinois, that the defendants owed large sums on their subscriptions to the capital stock of the company, and sought a decree against them to satisfy complainants' demand, and the court below sustained a demurrer to the bill, it was held by the Supreme Court that the demurrer was properly sustained, for the reason of its being impossible to acquire jurisdiction of the corporation, and the non-resident stockholders having no property there.

In *Lowry* v. *Inman* (46 N. Y. 119) it was in effect held that where the charter of a foreign corporation makes the property of a stockholder liable for the fulfillment of the contracts of the company and points out no mode in which its liability may be made available, the courts of other States may give effect to the provisions and the course of proceeding must be regulated by the law of the State where the remedy is sought to be enforced. But where the effect of the charter was not to charge the property of the stockholders generally, but only to an amount equal to his stock upon prescribed conditions, and by a specific process, the remedy of the creditor must be sought according to the terms and by the means provided by the charter. In that case Judge ALLEN said : " Whether the obligation is imposed and the remedy given solely by the statute, or rests upon the assent of the stockholders to the terms and conditions of the act, the result is the same; the obligation or liability, and the remedy are inseparable, and the party interested is confined to the remedy prescribed by the act and assented to by the stockholder. If the liability rested solely upon contract, and the contract provided an adequate remedy, the parties would be restricted to that remedy. Every other remedy would be excluded by necessary implication." After examining the statute under consideration in that case, the judge adds : " The act provided, as the appropriate remedy, that a judgment and execution against the corporation should be a lien upon and be enforced against the individual property of the stockholders made liable by the act. It, in terms, made the property liable upon a judgment and execution against the bank, to which the stockholders were not parties, and the property was not made liable in any other way or by any other process. It is very evident that an independent action would not lie in Georgia against the stockholders of this corporation, for the obvious reason that an adequate remedy is provided by this act, without action, and if not, then it cannot be maintained elsewhere. * * * The remedy is necessarily confined to the sovereignty of Georgia, and can have no recognition or effect beyond the boundary of that State."

In *Christensen* v. *Eno* (106 N. Y. 97) it was held that a remedy given by the statutes of another State to creditors of a corporation against its stockholders was not available here.

The principles to be deduced from these authorities clearly are,

that under the statutes of Ohio the corporation mentioned in the complaint and all the owners and holders of its stock, and all persons liable as stockholders thereof, should be joined as defendants in an action to enforce the liability of such stockholders ; that an independent action could not be maintained in Ohio against one stockholder alone, and that the remedy to enforce such liability being specially provided by the statutes of that State, is exclusive, and not available here.

We think the decision of the Special Term was right and that the judgment herein should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.