CLEVELAND, LORAIN AND WHEELING RAILWAY COMPANY, Appellant,
    *v.* SHELDON L. KENT and Another, Respondents, Impleaded with
    Others.

*Action to enforce the liability under the Ohio statute of stockholders of an insolvent
Ohio corporation — not maintainable in the courts of New York.*

An action to enforce the statutory liability of the stockholders of an insolvent Ohio corporation cannot be maintained in the courts of the State of New York, for the reason that the Ohio statute provides a special remedy, which is exclusive of all other remedies, and can only be administered in Ohio.

The rights of creditors of a corporation against the incorporators rest upon the statute, and where an obligation or liability is imposed and a remedy is given, these should be held to be inseparable, and creditors should be required to confine their remedy to the one prescribed by the statute.

Where the remedy is of such a character that it can only be effectually enforced in one forum, a party interested in its enforcement should not be permitted to enforce it in another place.

Statutes relating to procedure have no extra-territorial effect.

The courts of the State of New York can and will assume jurisdiction, in an action at law, to enforce a statutory liability for a right given by an Ohio statute to an individual creditor against an individual stockholder; but where an action in equity is necessary, and where what is sought is an accounting between creditors and stockholders to enforce a remedy given by the Ohio statute, in which suit it is necessary to have a marshalling of assets and an

accounting between creditors and stockholders, and a determination of the amount of liability of each individual stockholder, such suit, in the absence of the corporation itself and in the absence of all those interested in the accounting, notably creditors over whom it is not shown that the court can acquire jurisdiction, cannot be maintained in the State of New York.

The courts of the State of New York will not in all cases entertain an action, even though they have jurisdiction.

APPEAL by the plaintiff, the Cleveland, Lorain and Wheeling Railway Company, from an interlocutory judgment of the Supreme Court in favor of the defendant, dated the 6th day of May, 1895, and entered in the office of the clerk of the county of New York, sustaining the demurrer of the defendants, Sheldon L. Kent and another, to the complaint and dismissing the complaint as against the said defendants.

*Rush Taggart,* for the appellant.

*George Zabriskie,* for the respondents.

O'BRIEN, J. :

This suit is brought for the purpose of charging the respondents and some of the other defendants with personal liability for the debts of the Brock Hill Coal Company, a foreign corporation organized under the laws of Ohio. It does not appear that any of the other defendants have been served with process or have appeared in the action. The complaint alleges that the plaintiff, as well as the coal company, is a corporation organized under the laws of the State of Ohio, in which State the latter company has its chief office and place of business and was engaged in the operation of coal mines, with a capital stock of $200,000, owned by the respondents and two others; that the other defendants named, twenty-seven in number, claim to be creditors of the coal company; that the coal company is indebted to the plaintiff in the sum of $11,419.95; that in legal proceedings in the State of Ohio a receiver of the coal company's property was appointed, and the court administered on all its assets and sold and disposed of the same and applied the proceeds to the payment of the company's obligations, and that there still remain obligations of the company to the plaintiff and to the creditors defendant wholly due and unpaid. It is further alleged that, by the statutes of Ohio, the stockholders of the coal company " are each

liable, in addition to their stock, to an amount equal to the stock by them subscribed, or otherwise acquired, to the creditors of the corporation to secure payment of the debts and liabilities of the said corporation ; " " that such individual liability of stockholders may be enforced by any stockholder or creditor by action jointly against all holders or owners of stock, which action shall be for the benefit of all the creditors of the corporation and against all persons liable as stockholders." The sections of the statutes of Ohio governing this class of actions are annexed to the complaint as an exhibit, and section 3260 thereof provides : " A stockholder or creditor may enforce such liability by action jointly against all the holders or owners of stock, which action shall be for the benefit of all the creditors of the corporation and against all persons liable as stockholders, and in such action there shall be found and determined the amount payable by each person liable as stockholder on all the indebtedness of the corporation, in which adjudication no costs shall be taxed to nor collected of any stockholder to an amount which, together with the amount to be paid on said indebtedness, will exceed the amount of the stock on which he is liable." The prayer of the complaint is that the defendant creditors may be required to set forth and prove the amount of their respective claims against the coal company ; that the court will proceed to ascertain and determine the amount of stock held by the defendant stockholders, and that after the determination of the amount of stock held by such defendant stockholders and the amount of debts owing by the coal company to the plaintiff and the defendant creditors, the court determine the amount of assessment upon the said stock that will be necessary to pay the costs of the proceeding and the debts, and that judgment be entered against the said stockholders respectively for the amount of assessment required for such purposes.

The demurrer was sustained in the court below upon the case of *Barnes* v. *Wheaton* (80 Hun, 8), which is authority for the proposition that an action to enforce the statutory liability of the stockholders of an insolvent Ohio corporation cannot be maintained in the courts of this State, for the reason that the Ohio statute provided a special remedy, which is exclusive of all other remedies, and can only be administered in Ohio. We might well rest our decision, as did the court below, upon that authority, because not

only is it well reasoned but it has support in principle. The rights of creditors of a corporation against the corporators rest upon the statute, and where an obligation or liability is imposed and a remedy is given, these should be held to be inseparable and creditors should be required to confine their remedy to the one prescribed by the statute. The distinction between statutes which, in imposing liabilities omit a remedy, and those which impose liability and fix the remedy, is lost sight of by the plaintiff, as will be seen by reference to the cases cited in support of the complaint, most, if not all, of which are instances where a statutory right was not coupled with a statutory remedy for its enforcement. Where, therefore, the remedy is of such a character that it can only have effectual operation in one forum, one interested should not be permitted to enforce it in any other place. Statutes relating to procedure have no extra-territorial effect. As will be seen from a reading of the Ohio statute quoted, there is a restriction in regard to costs, but such restriction could not be given effect in this State, because such subject would be controlled by our own law, and yet that restriction is an integral part of the statutory remedy.

It is urged with much force that the objections pointed out do not go to the jurisdiction of the court to entertain the action. It is true that the cases are very exceptional in which the court has not jurisdiction where the parties have been brought before it by personal service and the subject is one upon which it is not forbidden to adjudicate upon. So here, as a clean-cut question of jurisdiction, it may be doubted whether it would be correct to declare that, as between the plaintiff who comes into this forum and certain of the defendants who are brought in by personal service, the court would not have jurisdiction. That our courts will not in all cases entertain an action, even though they have jurisdiction, has been many times held. (Cross v. U. S. Tr. Co., 33 N. Y. St. Repr. 149; affd., 131 N. Y. 330; Ferguson v. Neilson, 33 N. Y. St. Repr. 814.) It being, therefore, unnecessary to determine the question as to whether this court has, or has not jurisdiction, we are clear that upon the facts presented it should not assume it for reasons which, in addition to those already stated, may be briefly mentioned.

If this were an action at law to enforce a statutory liability for a right given by an Ohio statute to an individual creditor against an

individual stockholder, then this court would have, and could assume, jurisdiction. Where, however, an action in equity is necessary, and where, as here, what is sought is an accounting between creditors and stockholders to enforce a remedy given by the Ohio statute, in which suit it is necessary to have a marshalling of assets and an accounting between creditors and stockholders and a determination of the amount of liability respectively of each individual stockholder, such a suit, in the absence of the corporation itself and in the absence of all those interested in the accounting, notably creditors, over whom it is not shown that the court can acquire jurisdiction, should not be maintained in this State. In such a suit all the creditors and all the stockholders of the company should be parties ; but it is not alleged, nor can it be presumed, that any of the creditors or any of the stockholders are residents of this State and within the jurisdiction of the court. The courts of this State are not, therefore, in a position to take and state an account of all the company's indebtedness, determine the liability of the several stockholders and compel the payment of each one's quota into a common fund, and the distribution of it among all the creditors in proportion to their debts, so as to do justice and settle once for all, in the manner contemplated by the Ohio statute, the whole liability of all the stockholders. Thus in this case, if our courts were to assume jurisdiction, let us suppose that some of the creditors, residents of Ohio, because unknown or through inadvertence, should be omitted as parties, clearly they would not be bound by any judgment rendered in this action. If to settle the liabilities of the company stockholders were held only to the extent of fifty per cent of their liability, would not the creditors in Ohio who were not parties have a right to proceed for the purpose of obtaining the other fifty per cent still due from the stockholders? Or, to take another illustration, if, by the judgment in this court, to satisfy the claims of creditors who appeared, the entire amount of the liability of each stockholder was required to be paid, what in such a case would be the situation of creditors in Ohio who were not parties and had no notice of the suit pending here, and who were not, therefore, bound by the judgment? Would it be claimed, notwithstanding the payment of the full amount for which the stockholders were liable under the Ohio statute, that they were still

answerable to the creditors there who were not bound by the judgment? Or, on the other hand, would it be contended that such creditors, who were without notice of this suit and were not made parties, and who, therefore, were not bound by the judgment, are remediless and not entitled to share in the distribution of the assets of the corporation?

There are some minor objections, such as the failure properly to designate the parties, a number of the defendants being described in the complaint either by corporate titles or else as partnerships. As to the corporations it is not stated whether they are domestic or foreign, and there is no presumption that they are domestic. In respect to the partnerships, the names of the partners are not stated, and no sufficient description is given, either of the corporations or of the partners, by which they are properly brought into court.

Our conclusion, therefore, is that, apart from any question of whether, strictly viewed, the court has or has not jurisdiction, the objections to assuming it in a case like this are so many and serious that the court would not be justified in entertaining the suit, and upon this ground, in addition to the others stated in the case of *Barnes* v. *Wheaton* (*supra*), the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.