Frank A. Gulotta, J.
This is a motion for summary judgment by the plaintiff and a motion by two of the defendants to dismiss the complaint as to them, as insufficient in law.
It appears that the plaintiff in February, 1955 loaned to Metallics Recovery and Process Corporation, a Delaware corporation authorized to do business in Colorado, the sum of $3,000 and took in return the corporation’s note for that amount, payable at a bank in Denver, Colorado. The defendants are directors of the corporation and when the note was dishonored, the plaintiff brought this action to recover $1,000 from each of them, pursuant to a Colorado statute reading in part as follows: “ 31-7-11. Corporations to file annual reports — Every corporation * * * shall, on or before the first day of May, in each year * * # cause to be made and filed in the office of the secretary of state an annual report * * *. ‘ ‘ 31-7-15. Liability of Directors — Should any * * * corporation # * * fail, refuse or omit to file the annual report # * * within the time prescribed, the executive officers and all the directors of said corporation shall be liable, jointly and severally, individually and personally, for such por *295 tion of the debts of such corporation as shall have been contracted during the calendar year next preceding the date when such annual report should have been made and filed.
“ Such liability shall be enforced upon the suit of any creditor of such corporation, but no officer or director shall be liable upon any suit * * * beyond the sum of one thousand dollars, nor shall he be liable for any debt or debts contracted at a time when he was not an officer or director of such corporation * # * ”. (Colorado Rev. Stats., 1953, ch. 31, art. 7, as amd. by L. 1955, ch. 93, §§ 1, 4.)
This entire transaction took place in the State of New York where all of the parties reside, although the place for performance of the contract by the corporation, that is repayment of the loan, was in Colorado.
Were it important to decide it, there is substantial authority to the effect, that where the place of ‘ ‘ making ’ ’ and the place of “performance” of a contract differ, the latter or locus solutionis controls (15 C. J. S., Conflict of Laws, § 11, subd. c). However, I do not deem this to be an action in contract at all, but rather a statutory action to recover a sum of money awarded against the defendants, in the nature of a penalty, for violation of the laws of Colorado, and thus the only question presented, is whether the courts of New York as a matter of policy are disposed to accord any extraterritorial effect to a statute such as this.
There is no question but that this statute is not penal in the strict or, as it is called, “ International ” sense, so as to bring it within the prohibition laid down in The Antelope (10 Wheat. [23 U. S.] 66, 123) to the effect: “ The Courts of no country execute the penal laws of another ’ ’. However, this statute may be regarded as penal or punitive, in the sense that the offenders are mulcted in damages, for failure to do something they were enjoined to do as a condition for doing business in Colorado, without regard to any causation between their default and plaintiff’s damage, although from the plaintiff’s standpoint the statute may be remedial and compensatory. But it does not provide for the award of a penalty to the State, or to an individual suing in the interest of the whole community to redress a public wrong, which is the hallmark of a true penal enactment.
In principle it is much like the New York statute, which was considered by the United States Supreme Court in Huntington v. Attrill (146 U. S. 657) where a corporate officer was held liable for a statutory penalty for having filed a false certificate. There however, and in contradistinction to the facts here, the *296 claim was first reduced to judgment in New York and it was this judgment which the Maryland courts were held to he bound to honor, although as was pointed out, where a statute is truly penal, even reducing it to judgment before taking it afield, does not exempt it from the general rule. (Wisconsin v. Pelican Ins. Co., 127 U. S. 265.) .
In our own Court of Appeals it has been held that at least one type of these quasi-penal statutes is enforcible in New York. See Loucks v. Standard Oil Co. (224 N. Y. 99), where a Massachusetts statute which imposed an arbitrary minimum of $500 and a maximum of $10,000 on the recovery for a wrongful death, the exact amount to be tailored to the degree of defendant’s culpability, was held to create a property right, transitory in nature, the enforcement of which does not shock our sense of justice. As Cabdozo, J., puts it (p. 112): “ We shall not feel the pricks of conscience if the offender pays the survivors in proportion to the measure of his offense.”
But another case, Marshall v. Sherman (148 N. Y. 9) holds that the liability imposed by a Kansas statute on a stockholder in a State bank, could not be enforced in New York. While the inability to give full effect to the statutory scheme for marshalling assets for the benefit of all creditors in one action, if piecemeal enforcement in a foreign jurisdiction is permitted, is commented upon as one ground for the decision, at page 19 the opinion makes this significant observation: “ But without reference to the special and peculiar provisions of these statutes, we think that the general current of authority is to the effect that such enactments are to be enforced only within the jurisdiction of the sovereignty where they exist.”
It was further held (p. 27) that although the liability was not penal in nature, nevertheless it could not be enforced here and that in general ‘ ‘ special remedies provided by foreign laws to enforce the liability of stockholders in foreign corporations must be applied by the courts of the state in the local jurisdiction and where the corporation is domiciled. (Lowry v. Inman, 46 N. Y. 119; Christensen v. Eno, 106 N. Y. 97; Barnes v. Wheaton, 80 Hun, 8.) ”
The imposition of liability on a corporate officer for corporate debt, is no different in principle from a similar liability thrust upon a stockholder — they are both statutory creations.
In passing, the opinion cites with approval Derrickson v. Smith (27 N. J. L. 166), where a New York creditor was defeated in an attempt to fasten liability on a New Jersey trustee, for failure to file an annual report as required by a New York *297 statute, a factual situation much like the one here. (See, also, Providence Steam-Engine Co. v. Hubbard, 101 U. S. 188 to the same effect.)
For these reasons the plaintiff’s motion is denied and defendants’ motion is granted.
Short-form order signed.